[No. B082190. Second Dist., Div. Four. Oct. 30, 1995.]

PAULINE LANDEROS et al., Plaintiffs and Appellants, v.
DANA PANKEY et al., Defendants and Respondents.

**COUNSEL**

Joanne Guzman-Hays and John E. Rittmayer for Plaintiffs and Appellants.

David J. Prager for Defendants and Respondents.

**OPINION**

**VOGEL (C. S.), Acting P. J.**—This case illustrates that settling an unlawful detainer action does not necessarily settle all disputes arising from a residential landlord-tenant relationship and that, in order to assure finality of litigation, the settlement documents must be comprehensive.

### INTRODUCTION

Plaintiffs and appellants Pauline and Jesus Landeros were formerly tenants in a home owned by defendants and respondents Dana and Ruth Pankey, individually and as trustees. A prior unlawful detainer action resulted in a stipulated judgment, with plaintiffs vacating the premises. Eight months later plaintiffs filed this action for damages for "breach of warranty of habitability" and other causes of action. Plaintiffs alleged that during the more than three years they rented the premises, the home was so defective, dilapidated, and violative of building and safety codes as to breach a landlord's implied warranty of habitability and entitle plaintiffs to a rebate of excessive rent and damages for annoyance, discomfort, and emotional distress. Plaintiffs appeal from a judgment of dismissal following the sustaining of a demurrer to their complaint.

■ Case law supports an independent action by a tenant or former tenant for damages for breach of a landlord's implied warranty of habitability. (*Quevedo* v. *Braga* (1977) 72 Cal.App.3d Supp. 1 [140 Cal.Rptr. 143] [independent action after vacating premises, for abatement of excessive

rent]; *Stoiber* v. *Honeychuck* (1980) 101 Cal.App.3d 903 [162 Cal.Rptr. 194] [independent action after eviction, for breach of warranty and tort damages].) An independent action for breach of warranty may supplement a tenant's statutory "repair and deduct" remedy or a tenant's affirmative defense in unlawful detainer. (E.g., *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]; *Knight* v. *Hallsthammar* (1981) 29 Cal.3d 46 [171 Cal.Rptr. 707, 623 P.2d 268]; *Hinson* v. *Delis* (1972) 26 Cal.App.3d 62 [102 Cal.Rptr. 661]; Civ. Code, §§ 1941-1942.5.) Defendants do not challenge the legal authority underlying the basic cause of action. The sole ground raised in support of the demurrer was collateral estoppel; defendants contend the present action is barred by the prior unlawful detainer judgment, because the warranty of habitability was raised as an affirmative defense in plaintiffs' answer to the prior unlawful detainer complaint. We conclude defendants' argument cannot be sustained; therefore, we reverse.

## FACTS

Plaintiffs rented the home September 1, 1989, pursuant to a written lease, on a month-to-month basis for $400 per month, subsequently raised to $450. Plaintiffs lived there over three years. On October 6, 1992, defendant Dana Pankey filed his complaint in unlawful detainer against plaintiffs for possession and back rent, based on nonpayment of the September and October 1992 rent totaling $900. In their unlawful detainer answer filed October 13, 1992, plaintiffs raised, as an affirmative defense to the nonpayment of rent, that the landlord breached the warranty to provide habitable premises.[1]

The unlawful detainer was settled October 29, 1992, by a "stipulation for judgment" on a municipal court form. At the time of settlement, plaintiffs were represented by an attorney; defendant Dana Pankey was in propria persona. The stipulation provides that the landlord have judgment for $300 and possession, with possession and payment stayed until December 1, 1992, the tenants agreeing to vacate on or before that date. The stipulation for judgment contains no specific or general language concerning the dispute over the habitability of the property during the three-year period plaintiffs

---

[1]Plaintiffs alleged: "The house is infested with roaches and mice. The toilet backs up every time it is used. The roof leaks. The plumbing under the sink leaks. There are exposed electrical wires in the patio by the home. There are two large windows that are missing, we boarded the windows with plywood. The city inspector of Pomona[] came to see the house on 10/9/92 and said that the house had to be closed because it was in such bad condition."

On October 21, 1992, the City of Pomona cited defendant Dana Pankey for maintaining substandard rental housing "in that the following violations have been found to exist: extreme electrical hazard, illegal room additions, windows and walls that have gaps, lack of structural support."

lived in it, nor any comprehensive language typically employed to indicate a settlement of any and all issues in dispute.

## DISCUSSION

■■■ Prior litigation by the same parties on a different cause of action has a collateral estoppel effect only as to those issues *litigated and determined* in the prior action. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 253, p. 691.) The party asserting collateral estoppel has the burden to show from the record of the prior action that the asserted issue was previously litigated and determined. (*Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257-258 [142 Cal.Rptr. 414, 572 P.2d 28].) Defendants fail to sustain that burden here.

■■■ Although the issue of breach of warranty of habitability was raised in the answer to the prior unlawful detainer complaint, the record fails to show it was litigated and determined. The unlawful detainer was resolved by a stipulated judgment giving the landlord less than the relief prayed. The prior stipulated judgment contains no language of comprehensive settlement of all matters between the parties arising from the lease. It basically states only that the landlord shall have $300 and possession by December 1, 1992.

In *Pelletier* v. *Alameda Yacht Harbor* (1986) 188 Cal.App.3d 1551 [230 Cal.Rptr. 253], the former tenant of a harbor berth sued the harbor for negligence leading to the sinking of his boat, and for the subsequent "retaliatory eviction" from the berth. The harbor asserted collateral estoppel as to the retaliatory eviction claim, on the ground the tenant had raised that defense in a prior unlawful detainer action. There, as here, the prior unlawful detainer was resolved by a stipulated judgment. The appellate court rejected the collateral estoppel defense, saying, "Here, the unlawful detainer action was resolved by stipulated judgment which made no mention of a relinquishment by the Pelletiers of claims arising from a retaliatory eviction. The retaliation defense was not fully and fairly litigated in an adversary hearing, and thus was not conclusively established." (*Id.* at p. 1557.) Similarly here, the prior unlawful detainer judgment said nothing about plaintiffs' relinquishing any claims regarding the three-year period plaintiffs occupied the premises.

■■■ Defendants cite *California State Auto. Assn. Inter-Ins. Bureau* v. *Superior Court* (1990) 50 Cal.3d 658, 664, 667 [268 Cal.Rptr. 284, 788 P.2d 1156] (hereinafter *CSAA*) for the proposition that a judgment by consent or stipulation has collateral estoppel effect. *CSAA held* only that ". . . a stipulated judgment may properly be given collateral estoppel effect, *at least*

*when the parties manifest an intent to be collaterally bound by its terms." (Id.* at p. 664, italics added.) The court held on the particular facts that "by specifically stipulating to the issue of liability, the parties intended the ensuing judgment to collaterally estop further litigation on that issue." (*Id.* at pp. 664-665, fn. 2.) By so limiting its holding the *CSAA* court avoided any conflict with the rule recognized in an annotation it cited, (1979) 91 A.L.R.3d 1170, 1174, that a consent judgment is not usually given preclusive effect in subsequent litigation on a different cause of action, unless the parties manifest an intent in the consent judgment to give it such preclusive effect. (*CSAA, supra,* 50 Cal.3d at pp. 664-665, fn. 2.) That general rule is based on reasoning that "the parties to a consent judgment generally intend merely to put an end to the litigation at hand." (Annot. (1979) 91 A.L.R.3d at p. 1174.) It is supported also by comment *e* to section 27 of the Restatement Second of Judgments, at page 257: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention." "In such a case the effect results not from the rule of this Section but from an agreement manifesting an intention to be bound." (Rest.2d Judgments, § 27, reporter's notes, p. 269.)

██  Here, the stipulated judgment contains no express language manifesting an intention of the parties that plaintiffs be precluded from litigating damages arising from their three-year habitation of allegedly uninhabitable rental housing. There is no comprehensive settlement language nor any release of all claims arising from plaintiffs' occupation of the premises. *Pelletier* v. *Alameda Yacht Harbor, supra,* 188 Cal.App.3d at page 1557, is therefore on point and not inconsistent with *CSAA.* On demurrer, defendants fail to show as a matter of law that the prior judgment was intended to settle all claims between the parties. The absence of manifest intention on the face of the instrument would not necessarily prevent defendants from proving on remand, however, as a matter of fact, that the parties intended the unlawful detainer judgment to settle their entire relationship.  ██  A prior stipulated or consent judgment is subject to construction as to the parties' intent, and if sufficiently ambiguous may be interpreted in light of extrinsic evidence. (*United States Fire Ins. Co.* v. *Johansen* (1969) 270 Cal.App.2d 824, 837-839 [76 Cal.Rptr. 174]; see *Larsen* v. *Beekmann* (1969) 276 Cal.App.2d 185, 191 [80 Cal.Rptr. 654]; *Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 261 [138 Cal.Rptr. 110].)

Another line of authority states that a party consenting to judgment against him admits those elements of the litigation which were "necessarily included

therein or necessary thereto" (Code Civ. Proc., § 1911)[2] and may suffer collateral estoppel effect *unless* the parties expressly reserved or withdrew that issue from the prior judgment. (*In re Marriage of Buckley* (1982) 133 Cal.App.3d 927, 935 [184 Cal.Rptr. 290]; *Ellena v. State of California*, *supra*, 69 Cal.App.3d at p. 261.) For example, where the defendants in a foreclosure action withdrew a defense of fraud and consented to a judgment, they "necessarily admitted the validity of the instruments" and were precluded from collaterally litigating their claim they were induced by fraud to execute the instruments (*Wittman v. Chrysler Corp.* (1988) 199 Cal.App.3d 586, 591 [245 Cal.Rptr. 20]); where an ex-husband consented to a prior judgment for alimony after raising a defense that his obligation was terminated by the wife's remarriage, he was precluded from relitigating whether her remarriage terminated the obligation. (*Avery v. Avery* (1970) 10 Cal.App.3d 525, 529-530 [89 Cal.Rptr. 195].) Defendants might argue under this line of authority that because the prior unlawful detainer judgment did not expressly reserve to plaintiffs the right to sue for damages arising from their three-year tenancy, plaintiffs are precluded from doing so. Such an argument, however, would lack merit. Contrary to defendants' suggestion, the prior stipulated judgment does not necessarily imply defendant did not breach the warranty of habitability. The judgment against plaintiffs was for an amount much less than the contract lease rate.

Perhaps the real thrust of defendants' argument is that plaintiffs already received a "break" in the unlawful detainer case based on their claim of breach of warranty of habitability, and therefore should not be allowed to sue for any additional amounts. Such an argument is implied in defendants' reliance on *Gates v. Superior Court* (1986) 178 Cal.App.3d 301 [223 Cal.Rptr. 678]. There a prior taxpayer suit against the Los Angeles Police Department sought injunctive and declaratory relief and compensatory and punitive damages for alleged violations of constitutional and common law rights occasioned by police intelligence activities. That prior suit was settled pursuant to a settlement agreement and stipulated consent decree and judgment by which the defendants paid $1.8 million to plaintiffs and their attorneys. Thereafter a suit by a different taxpayer sought an accounting and repayment of public funds arising out of the same activities. The court held the prior judgment was a complete bar to the later action, because it involved essentially the same cause of action and the same activities. (*Id.* at pp. 308-312.)

That is not the situation here. In the prior unlawful detainer action, defendant alleged plaintiffs were in default of the September and October

---

[2]Code of Civil Procedure section 1911 provides, "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

1992 rent, totaling $900. Plaintiffs' allegation of breach of the warranty of habitability was an affirmative defense to the claim of rent due. (Code Civ. Proc., § 1161, subd. 2; *Green* v. *Superior Court, supra*, 10 Cal.3d 616, 635.) It was not and could not be asserted as an affirmative claim for damages by way of a cross-complaint. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1082, p. 502.)

In the present action, plaintiffs seek damages based on the entire three-year period they occupied the premises. They allege in their complaint that the defective and intolerable conditions became apparent shortly after they occupied the premises in September 1989, about which they complained as early as February 1990. Plaintiffs could not have raised an issue in unlawful detainer regarding the prior three years, because the affirmative defense was relevant only to the September-October 1992 default. (*Green* v. *Superior Court, supra*, 10 Cal.3d at p. 635; Code Civ. Proc., § 1161, subd. 2.) The time period involved in this case is different; plaintiffs could not have raised an issue about it in the prior proceedings. Collateral estoppel does not apply to an issue which could not have been raised in the prior proceedings. (See *Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 871-872 [127 Cal.Rptr. 110, 544 P.2d 1310] ["different historical transaction"]; *Vella* v. *Hudgins, supra*, 20 Cal.3d 251, 255 [limited nature of issues which may be asserted in unlawful detainer; cross-complaints generally not allowed].) Plaintiffs are not seeking a double recovery as involved in *Gates.*

## CONCLUSION

We can appreciate that perhaps defendant Dana Pankey believed when the unlawful detainer stipulated judgment was executed it resolved all claims between the parties and permanently ended their relationship. But the stipulated judgment contains no language of comprehensive settlement, no releases of all claims, no waivers under Civil Code section 1542 typically found in settlement documents. Under the law of collateral estoppel, we are compelled to conclude that the prior judgment, arrived at by stipulation with no issues actually litigated, does not preclude the present action, because the face of the judgment does not show the parties so intended. Had the judgment on its face manifested such intent, this action would not be here. (See *Rappenecker* v. *Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 263-264 [155 Cal.Rptr. 516] [a judgment by stipulation does not cover matters not in the stipulation; failure to include sufficiently comprehensive language in compromise offer allowed additional relief to be granted against party who believed compromise amount excluded court costs].)

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellants.

Hastings, J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.