Lawrence DIAMANT, Chapter 11 Trustee of the Estate of National Steel & Tube Distributors, Inc., Plaintiff–Appellant,

v.

JOHNSON CONTROLS INC., a Wisconsin Corporation, Defendant–Appellee.

No. 01–56580.

D.C. No. CV–99–06872–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided July 31, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Lawrence Diamant, the bankruptcy trustee for National Steel and Tube Distributors, Inc. (hereafter "National Steel" for convenience), appeals the summary judgment in favor of Johnson Controls, Inc., on claims for breach of contract and tort leveled by the former against the latter. We affirm.

(1) To the extent that National Steel asserts that Johnson Controls, or its predecessors, had polluted the soil of the property in question with solvents or lead, we agree with the district court that there was no evidence that there was solvent or lead pollution of the soil. Also, National Steel had a contractual duty to investigate, purchased the property as is, and produced no evidence that Johnson Controls concealed known or constructively known soil pollution from it. Thus, Johnson Controls did not breach the contract in that respect. *See Loughrin v. Superior Court,* 15 Cal.App.4th 1188, 1195–96, 19 Cal. Rptr.2d 161, 164–65 (1993); *Shapiro v. Hu,* 188 Cal.App.3d 324, 333–34, 233 Cal. Rptr. 470, 475–76 (1986). By the same token, Johnson Controls committed no tort with regard to solvent or lead pollution. *See Shapiro,* 188 Cal.App.3d at 333–34, 233 Cal.Rptr. at 475–76; *see also Galen v. Mobil Oil Corp.,* 922 F.Supp. 318, 323–24 (C.D.Cal.1996). Simply put, National Steel contracted to take the property as it was, and cannot now collect contract or tort damages because it has buyer's remorse.

(2) To the extent that National Steel asserts that Johnson Controls had polluted the soil of the property in question with gasoline, National Steel knew of that, Johnson Controls did not conceal it, and National Steel purchased as is, with Johnson Controls' agreement to clean it up in due course, which it did. Moreover, the contract set forth no fixed date for completion, and National Steel produced no evidence that it had demanded a particular date, was refused, and then suffered damages. Thus, Johnson Controls did not breach in this respect. *See People v. S. Pac. Co.,* 139 Cal.App.3d 627, 641, 188 Cal.Rptr. 913, 922 (1983); *Johnson v. Alexander,* 63 Cal.App.3d 806, 813, 134 Cal. Rptr. 101, 105 (1976). Also, because National Steel knew and accepted the fact that gasoline pollution existed, neither that condition nor the cleanup process gave it a tort claim against Johnson Controls.[1]

All of the above being so, we need not take up the statute of limitations, economic loss, and damages issues.[2]

AFFIRMED.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The record shows that the concerned state agency—the California Regional Water Quality Control Board—has pronounced itself satisfied with the clean up and declared that no further action is required.

2. We note that the prior action between the Soto Group and Johnson Controls was settled and could not have collaterally estopped Johnson Controls in this litigation because there is no evidence that the settlement was intended to have collateral estoppel effect. *See Lucido v. Superior Court,* 51 Cal.3d 335, 341, 795 P.2d 1223, 1225, 272 Cal.Rptr. 767,

769 (1990); *Rice v. Crow,* 81 Cal.App.4th 725, 736–37 & n. 1, 97 Cal.Rptr.2d 110, 118 & n. 1 (2000); *Landeros v. Pankey,* 39 Cal.App.4th 1167, 1174, 46 Cal.Rptr.2d 165, 169 (1995); *cf. Cal. State Auto. Ass'n Inter–Ins. Bureau v. Superior Court,* 50 Cal.3d 658, 664, 788 P.2d 1156, 1159, 268 Cal.Rptr. 284, 287 (1990) (where parties intended a settlement to have collateral estoppel effect, it would).

