[Nos. B184660, B107857, B108017. Second Dist., Div. One. Jan. 11, 2008.]

ESTHER B., Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents;
CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, Intervener and
Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I. and III.

COUNSEL

Esther B., in pro. per.; and Burton Mark Senkfor for Plaintiff and Appellant.

Rockard J. Delgadillo, City Attorney, Claudia McGee Henry, Assistant City Attorney, and Kim Rodgers Westhoff, Deputy City Attorney, for Defendants and Respondents City of Los Angeles, Willie Williams, Steven J. Carey,

Richard A. Duran, Garth M. Grugal, Timothy G. Anderson, Vivienne T. Gomez, Michael J. Diaz and Joan M. Schipper.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Louis R. Mauro and Stacy Boulware Eurie, Assistant Attorneys General, Christopher E. Krueger, Jonathan K. Renner and Hiren Patel, Deputy Attorneys General, for Defendants and Respondents Attorney General of California and California Department of Justice.

Larry Bolton, Susan Diedrich and Elizabeth Sandoval for Intervener and Respondent.

## OPINION

**ROTHSCHILD, J.**—Plaintiff appeals from the trial court's order denying her relief from the dismissal of her motions for attorney fees.

In a prior appeal, we affirmed the trial court's order dismissing plaintiff's motions for attorney fees because she did not file her attorney fee documents until 20 days after the date set by the court. This appeal is from the trial court's order denying plaintiff's motion under Code of Civil Procedure section 473, subdivision (b),[1] for relief from the order dismissing her attorney fees motions. Plaintiff argues that relief was mandatory under section 473, subdivision (b), because she and her cocounsel were both at fault in failing to get the documents filed on time. In the alternative she contends that even if only the discretionary provision of section 473, subdivision (b), applies to her situation, the trial court abused its discretion in failing to grant relief on the basis of her mistake, inadvertence, surprise or excusable neglect. We affirm the order denying relief.

### FACTS AND PROCEEDINGS BELOW

Plaintiff initiated this action against the City of Los Angeles and other public agencies on behalf of herself and her minor daughter seeking damages and an order removing their names from California's Child Abuse Central Index (CACI). She also sued as a taxpayer seeking reforms of the CACI through injunctive and declaratory relief. Plaintiff, an attorney licensed to practice in California, appeared in propria persona along with cocounsel Kenneth Kossoff.

Plaintiff did not obtain the judicial relief she sought. During the pendency of the litigation, however, the Legislature amended the statutes governing the

---

[1] All section references are to the Code of Civil Procedure.

CACI to provide greater protections to persons listed in the CACI. Claiming her lawsuit was the catalyst in bringing about these changes, plaintiff moved for attorney fees under California's private attorney general statute (§ 1021.5) and under other statutory and common law theories.

The trial court stayed plaintiff's attorney fee motions for trial work pending her appeal on another aspect of her case. After the remittitur issued in that appeal, the court gave plaintiff until November 3, 2001, to file a motion seeking fees incurred in the appeal.

On September 17, 2001, plaintiff informed the court she would be filing supplemental papers to discuss legislation enacted after she filed her trial fee motion. On October 4, 2001, the court ordered that plaintiff file her motion for attorney fees on appeal and the supplemental papers supporting her motion for attorney fees for trial work by November 24, 2001.

On November 29, 2001, plaintiff again informed the trial court of her intent to file supplemental papers explaining the legislative, policy, and regulatory changes that had occurred since she filed her motions for trial attorney fees. Plaintiff also stated that she would discuss her right to fees incurred in representing herself. The court set a January 3, 2002 deadline for plaintiff to file a motion for attorney fees incurred in her unsuccessful appeal and to file any supplemental papers regarding her earlier fee motions.

On December 31, 2001, the court granted plaintiff's ex parte request to extend the January 3 deadline to January 10, 2002, because of plaintiff's claim of illness. On January 9, 2002, the court granted plaintiff's ex parte request to further extend the filing deadline to January 17, 2002. In granting this extension, the court stated: "No further continuance will be granted."

Plaintiff missed the January 17, 2002 deadline.

Two weeks after the deadline passed, defendant City of Los Angeles filed a proposed order seeking to deem plaintiff's fee requests abandoned because of her failure to timely file her attorney fee documents as ordered by the court.

On February 6, 20 days after the January 17 deadline, plaintiff filed supplemental support for her trial fee motions and filed her motion for fees in the appeal. None of defendants filed opposition to the fee motions. The trial court issued an order directing plaintiff to show cause "why the Court should not deem her request for attorneys fees abandoned for failure to file her moving papers as requested by the Court's Orders."

On March 25, plaintiff filed a response to the order to show cause in which she apologized for the late filing. Plaintiff stated in part: "The late filing

occurred because [plaintiff], the sole attorney responsible for preparing the Papers, was unable to complete them on time, due to a protracted and debilitating illness, and her limited resources. . . . This difficulty was compounded by the intricacy and breadth of the legal and factual matters which the Papers had to address, which involve 'no ordinary fight against City Hall.' [¶] The Papers (a) distill nearly five years of dynamic legislative history regarding the many, complex statutory and regulatory enactments, prompted by [plaintiff's] action; (b) discuss numerous federal and California case[s] decided since the 1997 filing of [plaintiff's] trial fee motions; and (c) address additional issues specified by the Court, including the question of whether [plaintiff] may be awarded fees for her legal services in this matter, given that she is [representing herself]."

Plaintiff also submitted the declaration of her cocounsel, who stated that he was unwilling to work for free when plaintiff ran out of funds: "I was not retained to prepare the [attorney fee] documents. Moreover, it is an understatement to say that I am not up to speed on the law with respect to recovery of attorney fees in this matter. For me to have assumed the task of preparing the Papers while Ms. [B.] was ill would have required an enormous amount of time, which would have precluded me from the portion of my practice that enables me to feed and clothe my children."

In response, defendants submitted evidence that plaintiff was working on other cases during the time her filings were due in this case and that she had made a court appearance in Bakersfield on January 29, 2002.

At the hearing on the order to show cause on March 28, the court expressed doubt that plaintiff was too ill to work because of the evidence that plaintiff was handling other cases during the period preceding the filing deadline. The court further noted: "There is a statement by Ms. [B.] . . . describing in summary fashion an illness without particulars of dates, and talking about how it affected the use of the hand, [and] an arm. The nature of the illness is not disclosed, nor is there any evidence to the extent that there was paralysis or inability to use the arm . . . . [To] the extent that Ms. [B.] suggests paralysis or something that affected the use of her arm, there is nothing from a medical doctor that describes the nature of the infirmity or treatment."

The court also expressed doubt about plaintiff's excuse that she did not understand "what I needed to do for these papers until the court clarified them on November 29" and "specified page limits and exactly what topics were to be covered," such as "why I . . . could get fees because I'm [representing myself]. . . ." The trial court stated, "Wasn't that intuitively obvious to the most casual observer? [¶] . . . [¶] An attorney who is a plaintiff

in pro per is ordinarily not entitled to attorney's fees. [¶] . . . The fact that you were the plaintiff in pro per in this case for some or all of this period of time was a fact that was actually known to you. [¶] And the idea that you might be required to demonstrate why the ordinary rules which prevent an attorney acting in pro per [from] recovering attorney's fees for his or her own work . . . is something that should have been blatantly obvious. I can't see how it could possibly have been a surprise."

After taking the matter under submission, on April 15, 2002, the court issued an order that "[plaintiff's] untimely filings are not excused, and the requests for attorney fees are deemed waived." The court acknowledged plaintiff was "not at this time making and the court is not adjudicating a 473[, subdivision] (b) motion."

We affirmed the court's order deeming plaintiff's request for attorney fees waived. Plaintiff then moved "to set aside default and/or dismissal of plaintiff's motion for attorney fees" under both the mandatory and discretionary provisions of section 473, subdivision (b).

In support of her section 473 motion, plaintiff incorporated all of her previously filed documents relating to the April 15, 2002 dismissal of the attorney fees motions. In addition she filed her own declaration as well as declarations by her physician and her cocounsel. In her declaration plaintiff attempted to excuse the late filings on various bases: for nearly two months she was unsure of the topics she was to address and the format in which to address them; the factual and legal issues were complex; she had to work on other motions in the case; between November 2001 and February 2002, she was seriously ill with shingles, which affected the use of her left hand; and she had no funds with which to pay another attorney or clerical staff to assist her with the preparation of the supplemental attorney fee papers.

Plaintiff's physician confirmed that since at least April 1999 plaintiff had suffered recurring episodes of shingles. When these episodes occurred, plaintiff suffered an outbreak of skin rash or blisters as well as numbness, weakness and pain radiating from her left shoulder through her left hand caused by neuralgia. The physician did not confirm that plaintiff suffered from shingles or neuralgia between November 2001 and February 2002.

Plaintiff's cocounsel stated that he had been representing her in this action since 1994. It was his fault that the documents were not filed on time. He did not prepare the papers or assist plaintiff to prepare them because he had not been paid for several years of previous work on the matter and he assumed that even after plaintiff became ill that she would be able to file the papers on time. He made a mistake in assuming that plaintiff could complete

the job because he failed to recognize "how very complicated the task of preparing the [attorney fee documents] would become."

The trial court denied plaintiff's motion for relief and she filed a timely appeal.

## DISCUSSION

I. *MANDATORY RELIEF UNDER SECTION 473, SUBDIVISION (b)*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *THE APPLICATION OF THE MANDATORY RELIEF PROVISION OF SECTION 473, SUBDIVISION (b) TO PARTIES REPRESENTING THEMSELVES*

Plaintiff contends that even assuming she, not cocounsel was at fault in causing the dismissal of her attorney fee motions she is entitled to mandatory relief under section 473, subdivision (b), because she is an attorney. Neither the statute's language nor its legislative history supports this argument.

 Interpretation of a statute is a question of law, so our review is de novo. (*Young v. McCoy* (2007) 147 Cal.App.4th 1078, 1083 [54 Cal.Rptr.3d 847].) "To interpret the statute, we must ascertain legislative intent, starting with the language of the statute. [Citation.] 'If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs.' " (*Ibid.*, quoting *Estate of Griswold* (2001) 25 Cal.4th 904, 911 [108 Cal.Rptr.2d 165, 24 P.3d 1191].) Furthermore, a particular clause in a statute must be read in harmony with other clauses and in the context of the statutory framework as a whole. (*Young v. McCoy, supra,* 147 Cal.App.4th at p. 1078.)

The mandatory relief provision of section 473, subdivision (b) states in relevant part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is . . . accompanied by an *attorney's* sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default entered by the clerk against *his or her client* . . . ." (Italics added.) Under the plain language of the statute, the mandatory relief provision only applies in the case of an "attorney" representing a "client." Our interpretation is further supported by

---

\*See footnote, *ante*, page 1093.

comparing the mandatory relief provision with the discretionary relief provision of the same subdivision. The latter provides that the court may set aside a default or dismissal on the motion of "a party or his or her legal representative." (*Ibid.*) ■ Thus the discretionary provision applies to a party, including a party appearing in propria persona, and an attorney representing a party, whereas the mandatory provision only applies to an attorney representing a party.

■ Because we find the plain language of section 473, subdivision (b), precludes mandatory relief in favor of a "pro. per." party we need not rely on the legislative history of the statute to determine the lawmakers' intent. We note, however, our interpretation is consistent with that expressed intent. The purpose of the mandatory relief provision is to relieve the innocent client of the burden of the attorney's fault, place that burden on the malfeasant attorney and avoid triggering more litigation in the form of a malpractice suit. (*Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 927 [104 Cal.Rptr.2d 896]; see *Beeman v. Burling* (1990) 216 Cal.App.3d 1586, 1605, fn. 14 [265 Cal.Rptr. 719] [summarizing the legislative history of the mandatory provision].) Granting mandatory relief to parties appearing in pro per, even if they are attorneys, would not serve any of the purposes of the legislation. In these situations the "client" is not innocent, there is no one to whom the blame can be shifted and there is no risk of a malpractice action because the client would have to sue herself.

■ Plaintiff, however, contends that even assuming only an attorney who acts on behalf of a client is entitled to mandatory relief, she qualifies because she is an attorney who brought this action, in part, as a taxpayer on behalf of the other taxpayers who are, therefore, her "clients." She argues that if she had entered into a settlement with the city on her taxpayer claims the settlement would have been res judicata as to a subsequent taxpayer action on the same claims. (See *Gates v. Superior Court* (1986) 178 Cal.App.3d 301, 307–308, 311–312 [223 Cal.Rptr. 678].) Under *Gates*, if plaintiff binds other taxpayers by her action she does so as a fellow taxpayer, not as an attorney for the taxpayers. Plaintiff has provided no authority that she represented any taxpayer other than herself.

III. *DISCRETIONARY RELIEF UNDER SECTION 473, SUBDIVISION (b)\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

<sup>*</sup>See footnote, *ante*, page 1093.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

Vogel, Acting P. J., and Jackson, J.,* concurred.

A petition for a rehearing was denied February 11, 2008.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.