Filed 8/2/23  Minkovitch v. Yashuodafar CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| YAN MINKOVITCH, | B321406 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC724557) |
| v. | |
| DANI YASHUODAFAR et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Yan Minkovitch, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Yan Minkovitch sued defendants Dani Yashuosafar and Julia Nepurent[1] relating to alleged harassment.  Minkovitch did not appear on his scheduled trial date, and the trial court dismissed his case.  Minkovitch moved for relief from the dismissal under Code of Civil Procedure section 473, subdivision (b),[2] asserting that his failure to register for a remote appearance on the first day of trial was an excusable error.  The trial court rejected Minkovitch's contentions and denied the motion.  Minkovitch appealed.

We affirm.  A ruling under section 473, subdivision (b) will not be disturbed on appeal in the absence of a clear showing of abuse of discretion.  Minkovitch has not demonstrated that the trial court abused its discretion in rejecting the proffered explanation for Minkovitch's failure to appear, and in denying the motion on that basis.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Complaint

On October 5, 2018, Minkovitch, acting in propria persona, filed a complaint against defendants Yashuosafar and Nepurent; on February 19, 2019, he filed a first amended complaint (FAC).  According to the FAC, defendants were friends with Minkovitch's ex-wife.  Starting in December 2015, while Minkovitch and his ex-wife were divorcing, Minkovitch began receiving threatening phone calls from anonymous male and female callers, who said things such as "we are going to kill you" and "I am going to cut

---

[1]    The record includes alternative spellings for both defendants:  "Dani Yashoudafar," "Dani Yashouuafar," and "Yulia Neporent."

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

you." The phone calls continued through 2016. Minkovitch reported the calls to the Los Angeles Police Department, which investigated and informed Minkovitch that the callers were Yashuosafar and Nepurent.

Minkovitch alleged that criminal charges were filed against Yashuosafar in November 2016. In December 2016, a criminal protective order was issued requiring Yashuosafar to refrain from contacting Minkovitch. Minkovitch also alleged that defendants nevertheless stalked him "by following and observing him" periodically from December 2016 to April 2018. Minkovitch alleged that at 1:30 a.m. on March 12, 2017, Yashuosafar went to Minkovitch's residence, kicked in the door, and pepper sprayed Minkovitch. Minkovitch reported the incident to police. Minkovitch also alleged that in the criminal courthouse after he testified against Yashuosafar regarding these acts, Yashuosafar threatened to hit him with his fist.

The FAC alleged three causes of action: assault and battery against Yashuosafar, and intentional infliction of emotional distress against both defendants. Minkovitch sought compensatory damages, punitive damages, and attorney fees.

## B. Trial setting and dismissal

At the final status conference on October 1, 2021, the court set a trial readiness conference for October 12. On October 12, the court set a trial readiness conference for December 13 and set a five-day, non-jury trial for December 15. The parties exchanged various exhibit and witness lists, and filed trial briefs.

On the day trial was set to begin, December 15, 2021, Minkovitch appeared remotely. The court was engaged with another trial, so it rescheduled the trial to February 28, 2022.

3

The court noted that the parties could again appear remotely, and ordered Minkovitch to give notice.

On February 28, 2022, Minkovitch again appeared remotely. The court noted that Minkovitch's assistant was present at the courthouse with a flash drive of exhibits. The court directed Minkovitch to file a notice of lodging the flash drive, and to email the exhibits to Nepurent. On its own motion, the court continued the trial to March 2, 2022 at 10:30 a.m.

On March 2, Minkovitch did not appear. The court's minute order states, "The court notes that plaintiff contacted Department 16 after 9:30 a.m. this date to state he was unable to sign up with L.A. Court Connect. [¶] Defendants' oral request to dismiss this case for plaintiff's failure to appear this date and for failure to provide defendants with his exhibits is made. [¶] Based on plaintiff's failure to appear and defendants' oral request to dismiss, the case is ordered dismissed without prejudice this date."[3]

## C.    Request for relief from dismissal

On March 14, 2022, Minkovitch filed a motion seeking relief from the dismissal under section 473, subdivision (b), which allows a court to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his

---

[3]    Under section 581, subdivision (l), "The court may dismiss, without prejudice, the complaint in whole, or as to that defendant when either party fails to appear at the trial and the other party appears and asks for the dismissal." The minute order was signed by the court, and therefore operated as a judgment. (See § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes"].)

4

or her mistake, inadvertence, surprise, or excusable neglect."[4]  In a declaration, Minkovitch stated that he had been prepared for trial and had appeared remotely on all earlier dates, and sent his assistant to court with a flash drive on February 28, 2022.  On March 2, however, the court's access portal, CourtConnect, did not recognize him as a litigant with a trial about to begin.  After unsuccessfully attempting to contact CourtConnect, Minkovitch called Department 16 to explain his technical difficulties.  Minkovitch stated that the clerk "could not accommodate access for me," so the case was dismissed.

Minkovitch stated that he had registered with CourtConnect for a five-day trial starting on February 28, 2022; he included a printout of the confirmation.  He stated that "upon reflection," he realized he was required to re-register with CourtConnect for the March 2 date.  Minkovitch claimed he was not warned that he was required to re-register, he did not think he would have to re-register for a new date two days after his five-day trial was set to begin, and he did not recall having to re-register when trial was continued previously.  Minkovitch asserted that he genuinely believed his registration remained effective, he was acting in good faith, his error was a mistake of fact, and the mistake was inadvertent rather than careless.

Defendants opposed the motion.  They argued that Minkovitch's failure to appear was not an error at all, but instead was a delay tactic.  Defendants asserted that Minkovitch was

---

[4]  As a party representing himself, Minkovitch was not entitled to the mandatory relief provision of section 473, subdivision (b).  (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 428 (*McClain*); *Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1099-1100.)

5

"notorious for threatening to sue anyone and everyone," and he had appeared in court hundreds of times in the multiple cases he initiated. They attached a list titled "Proceedings with Yan Minkovitch," which showed about 200 appearances in six different cases between December 2015 and March 2022. Defendants argued that based on his experience, Minkovitch knew exactly how registration with CourtConnect worked, and therefore his claimed error was not attributable to any inadvertence or mistake.

No reply in support of the motion is in the record on appeal, and no court reporter was present at the hearing. The court denied the motion in a written order. It stated, "Department 16 staff members remind all attorneys and self-represented litigants alike of their obligations to register with LACourtConnect each time they elect to appear remotely, and they warn them that their current day registration number will not work for the next hearing date. This reminder/warning was given to plaintiff. Code of Civil Procedure section 473(b) does not provide relief from dismissal where the court finds the dismissal was not in fact caused by the party's mistake, inadvertence, surprise, or excusable neglect." The court therefore denied the motion.

Minkovitch timely appealed the court's order. (§ 904.1, subd. (a)(2).)

## DISCUSSION

Minkovitch contends the trial court abused its discretion by denying his motion for relief under section 473, subdivision (b). He argues he had "confirmation from LA CourtConnect *which recited a five-day trial.* [Record citation.] He relied thereon. It was simply a mistake. It was neither inexcusably [n]or excusably neglectful, it was just inadvertent." Minkovitch also asserts that

6

no evidence in the record supports the court's contention that all litigants are notified that a continuation requires re-registration with CourtConnect.[5]

"The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion . . . . Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court." (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 118.) "The burden is on the [appellant] to establish abuse of discretion." (*Ibid.*; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["'it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.'"].)

Here, Minkovitch has not demonstrated that the court abused its discretion. He argues in his brief, as he did below, that his mistake was inadvertent. The trial court did not find Minkovitch's explanation credible, explicitly stating that it found "the dismissal was not in fact caused by the party's mistake, inadvertence, surprise, or excusable neglect." "In reviewing the trial court's factual findings regarding excuse and diligence, we defer to the trial court's assessments of credibility and the weight

---

[5]     Defendants have not appeared in this appeal and have not filed respondents' briefs.

of the evidence and do not interfere with its determinations of these matters." (*McClain, supra*, 39 Cal.App.5th at p. 415.)

Minkovitch disagrees that he was warned about re-registering with CourtConnect, stating that "[t]here is no record that would support the idea that such a warning was given to every litigant," and "Plaintiff contends that he was not so warned." Again, this is a credibility determination decided by the trial court, which we will not disturb on appeal. Moreover, evidence in the record shows that Minkovitch was a very experienced litigant who had appeared remotely in this case multiple times—including for multiple trial continuances, which presumably required Minkovitch to re-register for the new dates. In addition, the remote appearance confirmation for the trial clearly stated that it was for February 28, 2022 at 10:00 a.m., and nothing on the page suggested it would be effective for a different date or time. Thus, there was evidence upon which the court could have relied in finding that Minkovitch's explanation for the failed appearance was not credible. (See, e.g., *McClain, supra*, 39 Cal.App.5th at p. 417 ("the trial court was entitled to find—and did find—that Kissler was not credible and that she did not make the factual mistake she claimed to have made"].)

Minkovitch argues the dismissal deprived him of his right to bring his claims to trial, and "[t]o deprive a litigant of his day in court on so thin a basis as described here by the Court below should be seen as a clear abuse of the Court's discretion." Indeed, "'the law strongly favors trial and disposition on the merits, [so] any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.'" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 230.) However, "[w]e presume the trial court knew and properly applied the law absent

8

evidence to the contrary" (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103), and nothing here suggests the trial court was unaware of this standard when it decided the motion.  Although Minkovitch contends the result was overly harsh and a more lenient approach could have been appropriate under the circumstances, a "showing on appeal is insufficient if it presents a state of facts which simply affords an opportunity for a difference of opinion."  (*In re Marriage of King, supra*, 80 Cal.App.4th at p. 118.)

Because a "'ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257), and Minkovitch has not made that showing here, we affirm.

## DISPOSITION

The court's order denying the motion for relief under section 473, subdivision (b) is affirmed.  Because defendants did not appear in this appeal, no costs are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P.J.


MORI, J.

9