[No. B221470. Second Dist., Div. Eight. Sept. 23, 2010.]

MARIANA MALKOSKIE et al., Plaintiffs and Appellants, v.
OPTION ONE MORTGAGE CORPORATION et al., Defendants and
Respondents.

COUNSEL

Smyth Law Office and Andrew E. Smyth for Plaintiffs and Appellants.

Brooks Bauer and Bruce T. Bauer for Defendants and Respondents.

OPINION

**GRIMES, J.**—Plaintiffs and appellants Mariana Malkoskie and Pablo Juarez (plaintiffs)[1] brought this action for quiet title and related claims seeking to set aside a nonjudicial foreclosure sale and subsequent eviction. They sued various defendants, including Sand Canyon Corporation, erroneously sued as

---

[1] Mariana Malkoskie is alleged to have been the sole owner of the subject property with standing to assert the claims arising from her status as the borrower/trustor. She will be referred to herein where appropriate as "plaintiff" in the singular. Pablo Juarez is alleged to have been only a cotenant living in the home with plaintiff. Given that the operative pleading does not comply with California Rules of Court, rule 2.112, it is not clear as to which claims Mr. Juarez was an intended party plaintiff (presumably at least on the wrongful eviction claim) but he will be included, for our purposes, in the plural use of "plaintiffs."

Option One Mortgage Corporation (Option One),[2] and Wells Fargo Bank, N.A., as Trustee for Master Asset Backed Securities Trust 2005 OPT1 (Wells Fargo). Option One and Wells Fargo (collectively defendants) filed a demurrer challenging plaintiffs' operative second amended complaint. The trial court sustained defendants' demurrer without leave to amend and entered a judgment of dismissal. Plaintiffs timely appealed, arguing the demurrer was erroneously sustained because the foreclosure sale was void, not merely voidable, and the stipulated judgment in a prior summary unlawful detainer proceedings did not have a preclusive effect on the issue of lawful title to the subject property. We find the validity of title was conclusively resolved in the unlawful detainer action and affirm the judgment on that basis.

## FACTS

Plaintiffs lived in the single-family home located at 2112 Duane Street in Los Angeles, California, 90039 (the property). Plaintiff refinanced the property in late 2004 with nonparty Home Loans USA, Inc., which loan was secured by a note and deed of trust recorded against the property. The 2004 deed of trust executed by plaintiff identified Home Loans USA, Inc., as the beneficiary and Premier Trust Deed Services as trustee. The deed of trust also contained a power of sale provision in favor of the beneficiary. Sometime before May 2007, plaintiff became delinquent on her loan. A notice of default was served and recorded on May 30, 2007, by First American Title Company as agent for Alliance Title Company (Alliance), identified as trustee, on behalf of Option One, identified as the beneficiary. As of the date of recording of the notice of default, no substitution had been served or recorded showing Option One as the new beneficiary in place of Home Loans USA, Inc., nor any substitution showing Alliance as the new trustee in place of Premier Trust Deed Services.

Sometime in September 2007, a substitution was recorded evidencing Alliance as the newly assigned trustee as designated by Option One, but there was still no substitution showing Option One as the new beneficiary of record with the statutory authority to designate a substituted trustee. The beneficiary of record in September 2007 remained Home Loans USA, Inc., the original beneficiary and lender to plaintiff in her refinance transaction. Thereafter, Alliance conducted the nonjudicial foreclosure sale on February 4, 2008, and Wells Fargo acquired the property on a credit bid. More than two months later, on April 18, 2008, a substitution was recorded acknowledging assignment of the deed of trust from Home Loans USA, Inc., to Option One as the new beneficiary, as was yet another substitution evidencing assignment of

---

[2] The parties and record reference "Option One" and therefore we will maintain that usage for clarity of reference despite the erroneous designation.

beneficiary status from Option One to Wells Fargo. The deed arising from the February 4, 2008 foreclosure sale documenting the purchase by Wells Fargo was also recorded on April 18, 2008.

After the foreclosure sale on February 4, 2008, Wells Fargo instituted an unlawful detainer action against plaintiffs. Plaintiffs filed an answer to the unlawful detainer complaint, denying the material allegations and raising two affirmative defenses, one alleging the foreclosure sale was invalid due to improper notice and the other alleging unspecified "irregularities in the sale." At the time of trial in March 2008, Wells Fargo and plaintiffs agreed to entry of a stipulated judgment in the unlawful detainer action in favor of Wells Fargo. Plaintiffs were forcibly evicted from the property on May 12, 2008.

Plaintiffs then filed this action against Option One, Wells Fargo, and First American Title Company, among others. The operative second amended complaint asserted claims for declaratory relief, quiet title, cancellation of trustee's deed, willful wrongful foreclosure, negligent wrongful foreclosure, wrongful eviction and negligence.[3] The trial court sustained defendants' demurrer without leave to amend. This appeal followed.

## DISCUSSION

Our standard of review following the sustaining of a demurrer is well established. " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

Plaintiffs raise two primary issues on appeal. The first issue is whether defects in the nonjudicial foreclosure sale rendered the proceedings void or voidable, and if void, did plaintiffs have to plead there was a tender of

---

[3] The seventh cause of action for negligence is not pertinent to our discussion as it was stated only against First American Title Company. Plaintiffs did not file a notice of appeal as to the judgment of dismissal in favor of First American Title Company, and they have abandoned their appeal as to the judgment of dismissal rendered in favor of defendant Tyneia Merritt.

payment to cure the default in order to challenge the sale. The second issue is whether the stipulated judgment in the unlawful detainer action brought by Wells Fargo against plaintiffs bars plaintiffs' claims in this action. Plaintiffs contend the trial court erroneously sustained defendants' demurrer on both grounds. We conclude the demurrer was properly sustained without leave to amend because the stipulated judgment bars this action. Since this ground is dispositive, we need not and do not consider whether there were defects in the foreclosure sale. (*Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 21 [157 Cal.Rptr. 706, 598 P.2d 866] ["judgment based on an order sustaining a general demurrer must be affirmed if any one of the several grounds of demurrer is well taken"].)

Defendants argued successfully below that the stipulated judgment in the related unlawful detainer action brought by Wells Fargo against plaintiffs was res judicata as to plaintiffs' claims in this action, which all arise from the alleged invalidity of the foreclosure sale. Plaintiffs argue a consent or stipulated judgment arising from a summary unlawful detainer proceeding has limited res judicata[4] effect. They contend therefore that the issue of the improper trustee conducting the sale was not embraced by or otherwise resolved by the stipulated judgment such that there is no bar to plaintiffs' claims seeking to undo the foreclosure sale as invalid. We disagree.

An unlawful detainer action is a summary proceeding ordinarily limited to resolution of the question of possession. (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255 [142 Cal.Rptr. 414, 572 P.2d 28] (*Vella*).) Accordingly, it is true that any judgment arising therefrom generally is given limited res judicata effect. (*Ibid.*) However, a "qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property . . . ." (*Ibid.*) Code of Civil Procedure section 1161a, subdivision (b)(3) (section 1161a), provides an unlawful detainer action may be filed "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust . . . and the title under the sale has been duly perfected." Furthermore, under California law a "judgment entered without contest, by consent or stipulation, is usually as conclusive a merger or bar as a judgment rendered after trial." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 372, p. 996; accord, *Victa v.*

---

[4] The parties use the term res judicata. The doctrine of res judicata, or claim preclusion, bars parties from relitigating the *same cause of action* in a subsequent action. The aspect of res judicata known as issue preclusion or collateral estoppel bars a party from relitigating *any issues* necessarily included in a prior, final judgment. (*Rice v. Crow* (2000) 81 Cal.App.4th 725, 734–735 [97 Cal.Rptr.2d 110].) Collateral estoppel is the more accurate term to use on these facts and we use it accordingly.

*Merle Norman Cosmetics, Inc.* (1993) 19 Cal.App.4th 454, 460–461 [24 Cal.Rptr.2d 117]; *De Weese v. Unick* (1980) 102 Cal.App.3d 100, 105 [162 Cal.Rptr. 259].)

■ The Supreme Court in *Vella* acknowledged the decisional law holding that "subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." (*Vella, supra,* 20 Cal.3d at p. 256.) *Vella* explained that the propriety of applying collateral estoppel to an underlying unlawful detainer judgment brought pursuant to section 1161a became doubtful only if the claims in the second action involved activities or alleged wrongdoing not "directly connected" with the conduct of the foreclosure sale. (*Vella,* at p. 256.) Here, plaintiffs' claims all arise from the alleged invalidity of the foreclosure sale.

Wells Fargo filed its unlawful detainer action against plaintiffs pursuant to section 1161a. Wells Fargo expressly alleged in its complaint the specific facts it contended established it had perfected legal title to the property, including that the foreclosure sale was conducted in accordance with Civil Code section 2924.[5] In their answer, plaintiffs denied the allegations and raised two affirmative defenses contending the foreclosure proceedings contained irregularities and were invalid due to lack of notice. The conduct of the sale and the validity of the resulting transfer of title to Wells Fargo were therefore directly in issue in the unlawful detainer case. Because the complaint was brought under section 1161a, it was proper for limited issues pertaining to the validity of title obtained by Wells Fargo in the sale to be raised and conclusively resolved. (*Vella, supra,* 20 Cal.3d at p. 256; *Cheney v. Trauzettel* (1937) 9 Cal.2d 158, 160 [69 P.2d 832].)

■ Indeed, because the sole basis upon which Wells Fargo asserted its right to possession of the property was its "duly perfected" legal title obtained in the nonjudicial foreclosure sale, the validity of Wells Fargo's title *had* to be resolved in the unlawful detainer action. "Under section 1161a, Code of Civil Procedure, a purchaser who has acquired the title at such trustee's sale must prove that the property was sold in accordance with section 2924 of the Civil Code under a power of sale and that title under the sale has been duly perfected. Under such unlawful detainer statutes title to the extent required by section 1161a not only may but *must* be tried. . . . [Citations.] *The bleak language of the judgment which merely restored possession to [the grantee] is a sufficient adjudication of her ownership in view of the issues tendered.*" (*Bliss v. Security-First Nat. Bank* (1947) 81 Cal.App.2d 50, 58–59 [183 P.2d 312], italics added [stipulated judgment arising from unlawful

---

[5] Defendants asked the trial court to take judicial notice of the unlawful detainer complaint, answer and judgment.

detainer action brought under § 1161a held to bar subsequent claims for quiet title and to set aside trustee's sale].)

A similar result was reached in *Seidell v. Anglo-California Trust Co.* (1942) 55 Cal.App.2d 913 [132 P.2d 12]. The "unlawful detainer judgment determined issues tendered by [defendants] in their answer which constituted legal defenses of alleged specific violations of the statute in failing to give the notice of sale required by section 2924 of the Civil Code, lack of consideration for the note secured by the trust deed, and other asserted defects going to the validity of the trust deed and note secured thereby, and to the proceedings on the sale of that property under the provisions of the deed. All of those issues of law, as distinguished from equity, affecting the legality of the note, deed of trust and the sale were properly determined against the defendants in that unlawful detention suit." (*Id.* at pp. 921–922.)

■ On the day for trial of the unlawful detainer case, plaintiffs consented to entry of a stipulated judgment in Wells Fargo's favor. Plaintiffs' consent to judgment conclusively determined the specific factual contentions embraced by the complaint, namely that Wells Fargo had obtained valid record title pursuant to a nonjudicial foreclosure sale that had been duly conducted pursuant to statute. "A stipulated judgment normally *concludes or determines all matters put into issue by the pleadings*, unless the parties agree to restrict its scope by expressly withdrawing an issue from that judgment." (*In re Marriage of Buckley* (1982) 133 Cal.App.3d 927, 935 [184 Cal.Rptr. 290], italics added; see Code Civ. Proc., § 1911 ["That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."].) There is no language within the four corners of the judgment reserving any issues for later resolution in a separate action, and counsel conceded at oral argument that plaintiffs never considered modifying the stipulated judgment to preserve their attack on title for another action.[6]

■ By stipulating to judgment against them, plaintiffs conceded the validity of Wells Fargo's allegations that the sale had been duly conducted and operated to transfer "duly perfected" legal title to the property. " 'Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt . . . [citation], which includes good record title [citation] . . . [.]' [Citation.]" (*Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 953 [242 Cal.Rptr. 251].) Plaintiffs' argument below that no valid legal title passed to Wells Fargo in the sale is therefore

---

[6] (*Yarus v. Yarus* (1960) 178 Cal.App.2d 190, 197 [3 Cal.Rptr. 50] [consent judgment regarded as akin to contract and interpreted in same manner].)

precluded by their voluntary stipulation to a judgment that necessarily decided valid title passed to Wells Fargo entitling the bank to possess the property.

We therefore hold the unlawful detainer judgment has claim preclusive effect in this action challenging the validity of Wells Fargo's title. (*Vella, supra*, 20 Cal.3d 251.) Plaintiffs' citation to *Pelletier v. Alameda Yacht Harbor* (1986) 188 Cal.App.3d 1551 [230 Cal.Rptr. 253] (*Pelletier*) is unavailing. In *Pelletier*, a dispute arose concerning rental of a boat slip. (*Id.* at pp. 1553–1554.) The landlord filed an *ordinary* unlawful detainer case against the tenants which the parties resolved by way of stipulated judgment. The tenants then filed a new action seeking, in part, damages for retaliatory eviction. (*Id.* at p. 1554.) The Court of Appeal held collateral estoppel did not bar the tenants' case because there was no evidence the issue of retaliatory eviction was actually adjudicated in the unlawful detainer proceeding. (*Id.* at p. 1557.)

For the same reason, *Landeros v. Pankey* (1995) 39 Cal.App.4th 1167 [46 Cal.Rptr.2d 165] does not assist plaintiffs. In that case, the landlord and tenants had resolved an ordinary unlawful detainer action by way of stipulated judgment, and the plaintiffs later sued for damages for breach of the warranty of habitability. The court found the unlawful detainer for nonpayment of two months' rent did not dispose of the tenants' claim that the landlord breached the warranty of habitability throughout the entire three-year tenancy. Both *Landeros* and *Pelletier* involved subsequent lawsuits raising issues that were not pled or necessarily adjudicated in the underlying unlawful detainer proceedings, and neither involved unlawful detainers brought under section 1161a.

All six claims against Wells Fargo in the second amended complaint were premised on the alleged invalidity of the sale. Accordingly, the trial court correctly ruled all claims are precluded as a matter of law by the unlawful detainer judgment. Option One, sued on the exact same bases as Wells Fargo, is also entitled to use the judgment as a shield, despite not having been a party to the unlawful detainer, to prevent plaintiffs from relitigating the issue of the alleged defects in title. (*Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 813–814 [122 P.2d 892]; *Rice v. Crow, supra*, 81 Cal.App.4th at p. 735.) The demurrer was therefore properly sustained in favor of Option One on this ground as well.

## DISPOSITION

The judgment is affirmed. Respondents are to recover their costs on appeal.

Bigelow, P. J., and Rubin, J., concurred.