Filed 12/5/14  Zephyr Investors v. Silva CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ZEPHYR INVESTORS 2010, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR N. SILVA, et al.,<br><br>    Defendants and Appellants.<br>_____ | D064762<br><br><br><br>(Super. Ct. No. 37-2011-00052681-<br> CU-OR-NC) |
| ARTHUR N. SILVA, et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>ZEPHYR INVESTORS 2010, LLC, et al.,<br><br>    Defendants and Respondents, | (Super. Ct. No. 37-2011-00053687-<br> CU-OR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Samy S. Henein and Charles T. Marshall for Defendants, Plaintiffs and Appellants Arthur N. Silva, et al.

Higgs Fletcher & Mack and Michael R. Gibson for Plaintiffs, Defendants and Respondents Zephyr Investors 2010, LLC, et al.

Arthur N. Silva and Kimberly R. Silva (together the Silvas) defaulted on a home loan and Zephyr Investors 2010, LLC (Zephyr) acquired the subject property at a trustee's sale as part of a nonjudicial foreclosure. Zephyr filed suit against the Silvas to, among other things, quiet title in the property. The Silvas filed their own suit against Zephyr, Zephyr Partners-RE LLC, Brad Termini, Margaret Atmore, and others. These two cases were consolidated.

Before the civil actions were filed by Zephyr and the Silvas, Zephyr successfully pursued an unlawful detainer action against the Silvas. When the Silvas did not appeal the unlawful detainer judgment, Zephyr filed six motions in limine seeking to dispose of all of the Silvas' claims against Zephyr on the grounds that those claims were barred by collateral estoppel. The superior court treated these motions in limine as a motion for judgment on the pleadings, granted the motion, and dismissed the claims raised by the Silvas with prejudice. The Silvas appealed the ensuing judgment.

In this appeal, the Silvas argue the court erred in treating Zephyr's motions in limine as a motion for judgment on the pleadings. They also contend the unlawful detainer action does not collaterally estop their claims for slander of title, cancellation of instruments, declaratory relief, and to quiet title. Because we determine that the unlawful detainer judgment conclusively established that Zephyr had title to the property and was

2

entitled to lawful possession of it, we conclude that the Silvas' causes of action are barred by collateral estoppel. In addition, we are satisfied that the court properly exercised its discretion to treat the motions in limine as a motion for judgment on the pleadings. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Silvas signed a promissory note in the amount of $406,000 (Note), which was secured by a deed of trust recorded against certain real property commonly known as 4907 Patina Court, Oceanside, California (Property). The Silvas defaulted on the Note. Ultimately, a nonjudicial foreclosure was initiated that resulted in Zephyr purchasing the Property at a trustee's sale on February 5, 2010.

On March 5, 2010, Zephyr filed an unlawful detainer action against the Silvas to take possession of the Property. On April 20, 2010, judgment was entered in Zephyr's favor and a writ of possession was issued.

Although the Silvas vacated the Property, they subsequently recorded a quit claim deed against the Property, which purported to convey title to the Property from "Kimberly R. Silva, a Married Woman" to "Arthur N. Silva, a Married Man." The Silvas then recorded a grant deed that purported to convey title to the Property from "Arthur N. Silva, a Married Man" to "Arthur N. Silva, a Married Man as his Sole and Own Property." In addition to the recording of these deeds, Arthur Silva allegedly engaged in a campaign of harassment, including claiming to officers of the Oceanside Police Department that he owned the Property and showing the officers a copy of the grant deed, to prevent Zephyr's use and enjoyment of the Property.

3

Zephyr then filed suit against the Silvas, seeking to quiet title and alleging additional claims for cancellation of instruments, slander of title, injunction, trespass, and declaratory relief (Zephyr Action). The basis of Zephyr's claims was that it had purchased the Property at a trustee's sale and successfully prosecuted an unlawful detainer suit against the Silvas.

In response to the Zephyr Action, the Silvas filed their own lawsuit against Zephyr, Zephyr Partners-RE LLC, Termini, Atmore, and others (Silva Action). The causes of action in the Silva Action were based on the Silvas' claim that the lender or loan servicer had filed fraudulent documents against the Property and "broke[] [the] chain of title." The Silvas did not allege that they made all payments due on the Note. Instead, they claimed certain transfers of the Note and recording of documents related to the Note were fraudulent, which resulted in the Silvas owning the Property apparently without having to repay the Note.[1]

The Zephyr Action and the Silva Action were consolidated and set for trial. Before trial, Zephyr filed multiple motions in limine, with the first six such motions aimed at each of the Silvas' causes of action.[2] The gist of these motions was that the

---

[1]    Because they are not pertinent to the issues before us, we do not discuss in detail the Silvas' allegations that the transferring of the Note and recording of certain documents somehow resulted in the Silvas owning the Property outright without having to repay the Note. Suffice to say, these allegations appear to be little more than a misguided theory that allegedly allows the Silvas to own the Property free and clear without honoring their promise to repay the Note.

[2]    Zephyr Partners-RE LLC, Termini, and Atmore were moving parties along with Zephyr.

4

unlawful detainer judgment legally precluded all of the Silvas' claims. The Silvas opposed the motions in limine.

After considering the pleadings and entertaining oral argument, the superior court treated Zephyr's first six motions in limine as a motion for judgment on the pleadings and granted it thereby dismissing all of the Silvas' claims with prejudice. In doing so, the court emphasized that the instant action was "very similar in facts, if not identical to" *Malkoskie v. Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968 (*Malkoskie*), and it was "bound to follow" that case.

The Silvas timely appealed.

DISCUSSION

The Silvas raise two issues on appeal. First, they argue the superior court improperly exercised its inherent powers in treating the first six motions in limine as a motion for judgment on the pleadings. Second, the Silvas contend the unlawful detainer judgment did not preclude any of their claims. We reject both contentions.

I

*THE SUPERIOR COURT'S POWER TO TREAT MOTIONS*
*IN LIMINE AS A MOTION FOR JUDGMENT ON THE PLEADINGS*

"A court's inherent powers to control litigation and conserve judicial resources authorize it to conduct hearings and formulate rules of procedure as justice may require. [Citations.] Exercising these powers, the court may enter judgment in favor of a defendant when motions in limine show that, ' "even if the plaintiff's allegations were

5

proved, they would not establish a cause of action." ' " (*Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 701.)

Here, the Silvas do not take issue with a superior court's power to treat a motion in limine as a dispositive motion. Instead, they assert the superior court should not have done so in the instant matter because the court misconstrued the holding of *Malkoskie*, *supra*, 188 Cal.App.4th 968. Thus, the Silvas' argument challenging the court's treatment of Zephyr's first six motions in limine as a motion for judgment on the pleadings actually is aimed at the court's ruling: The court should not have granted the motion for judgment on the pleadings based on *Malkoskie*. As we discuss below, we agree with the superior court's reading of *Malkoskie*. Accordingly, we are satisfied the court properly treated the motions in limine as a motion for judgment on the pleadings.

II

*MOTION FOR JUDGMENT ON THE PLEADINGS*

A. Standard of Review

Judgment on the pleadings is similar to a demurrer and is properly granted when the "complaint does not state facts sufficient to constitute a cause of action against [the] defendant." (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); *Shea Homes Limited Partnership v. County of Alameda* (2003) 110 Cal.App.4th 1246, 1254.) We independently review the superior court's ruling on a motion for judgment on the pleadings to determine whether the complaint states a cause of action. In so doing, we accept as true the plaintiff's factual allegations and construe them liberally. (*Rolfe v. California Transportation Com.* (2002) 104 Cal.App.4th 239, 242-243.) If a judgment on

6

the pleadings is correct upon any theory of law applicable to the case, we will affirm it regardless of the considerations used by the superior court to reach its conclusion. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216.)

### B. Analysis

The Silvas' remaining contention is that the superior court misconstrued the holding of *Malkoskie*, *supra*, 188 Cal.App.4th 968, and as such, mistakenly granted Zephyr's motion for judgment on the pleadings. We disagree and determine that the Silvas are collaterally estopped from challenging the trustee's sale or otherwise claiming any title or interest on the Property based on the Note or corresponding deed of trust. The unlawful detainer judgment in favor of Zephyr conclusively established that Zephyr had title to the Property and was entitled to possession of it.

" 'Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.' " (*San Remo Hotel, L.P. v. City and County of San Francisco* (2005) 545 U.S. 323, 336, fn. 16; *Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 813.) " 'The purposes of the doctrine are said to be "to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, [and] to protect against vexatious litigation." ' " (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 878.)

Our Supreme Court has recognized the potential of an unlawful detainer judgment to collaterally estop subsequent litigation: "Applying the traditional rule that a judgment

7

rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 256.)

" 'The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding.' " (*Syufy Enterprises v. City of Oakland*, *supra*, 104 Cal.App.4th at p. 878.)

The requirements of collateral estoppel are met here. The unlawful detainer action determined that Zephyr was entitled to judgment because Zephyr established it was entitled to possession of the Property and had duly perfected its title to the Property, issues the Silvas have challenged here. The unlawful detainer judgment is final because the Silvas' time for appeal has passed and there is no indication in the record that the Silvas timely filed a notice of appeal of that judgment. (See *Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 974-975.) And the Silvas were parties to the unlawful detainer action.

The fundamental issue in an unlawful detainer proceeding is the plaintiff's right to possession. (See *Old National Financial Services, Inc. v. Seibert* (1987) 194 Cal.App.3d 460, 465.) But where, as here, the unlawful detainer action is brought pursuant to Code of Civil Procedure section 1161a, subdivision (b)(3), title is also an issue. This section

8

provides that an unlawful detainer action may be filed "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust . . . and the title under the sale has been duly perfected." (Code Civ. Proc., § 1161a, subd. (b)(3).) "Indeed, because the sole basis upon which [Zephyr] asserted its right to possession of the property was its 'duly perfected' legal title obtained in the nonjudicial foreclosure sale, the validity of [Zephyr's] title had to be resolved in the unlawful detainer action." (*Malkoskie*, *supra*, 188 Cal.App.4th at p. 974; italics omitted.)

*Malkoskie* is instructive. There, the homeowners refinanced with a loan from Home Loans USA, Inc. The deed of trust identified Home Loans as the beneficiary and Premier Trust Deed Services as the trustee. Later, a substitution was recorded evidencing Alliance Title Company as the new trustee as designated by Option One Mortgage Corporation. But there was no recorded substitution showing Option One as the new beneficiary of record with the authority to designate a substituted trustee. (*Malkoskie*, *supra*, 188 Cal.App.4th at p. 971.) At a trustee's sale, Wells Fargo acquired the property on a credit bid. Two months later a substitution was recorded acknowledging assignment of the deed of trust to Option One as the new beneficiary and another substitution was recorded evidencing the assignment of beneficiary status from Option One to Wells Fargo. (*Id*. at pp. 971-972.) The trustee's deed upon sale documenting the purchase by Wells Fargo was recorded the same day. Wells Fargo then instituted an unlawful detainer action under Code of Civil Procedure section 1161a, in which the homeowners raised the affirmative defenses that the trustee's sale was invalid due to improper notice and other unspecified " 'irregularities in the sale.' " (*Malkoskie*, *supra*, at p. 972.) At the

9

time of trial, the parties agreed to entry of a stipulated judgment in favor of Wells Fargo, and the homeowners were forcibly evicted. (*Ibid.*)

The homeowners then filed a lawsuit against Wells Fargo and others attacking the authority of the defendants to foreclose, including the claim that the sale was conducted by an improper trustee and therefore no valid title passed to Wells Fargo. Like the Silvas' complaint, the homeowners alleged causes of action for quiet title, cancellation of trustee's deed, and declaratory relief. (*Malkoskie*, *supra*, 188 Cal.App.4th at p. 972.) The homeowners contended that "the issue of the improper trustee conducting the sale was not embraced by or otherwise resolved by the stipulated judgment such that there is no bar to plaintiffs' claims seeking to undo the foreclosure sale as invalid." (*Id*. at p. 973.) The court disagreed: "By stipulating to judgment against them, plaintiffs conceded the validity of Wells Fargo's allegations that the sale had been duly conducted and operated to transfer 'duly perfected' legal title to the property. ' "Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt . . . [citation], which includes good record title [citation] . . . [.]" [Citation.]' " (*Id*. at p. 975.)

Like Wells Fargo, Zephyr filed its unlawful detainer action against the Silvas under Code of Civil Procedure section 1161a. And, like Wells Fargo, Zephyr would have "alleged in its complaint the specific facts it contended established it had perfected legal title to the property, including that the foreclosure sale was conducted in accordance with Civil Code section 2924." (*Malkoskie*, *supra*, 188 Cal.App.4th at p. 974.) In the Silva Action, the Silvas claim that they are the owners of the Property and allege the trustee's

10

deed upon sale, upon which Zephyr bases its claim that it owns the Property, is fraudulent. However, Zephyr's claim to title and possession of the Property was determined in the unlawful detainer action. It was based on it purchasing the Property at a trustee's sale as memorialized in the recorded trustee's deed upon sale. Therefore, the court in the unlawful detainer action necessarily had to find the trustee's deed upon sale valid before it could find in Zephyr's favor. By challenging the validity of the trustee's deed upon sale in the Silva Action, the Silvas are merely trying to relitigate a resolved issue. (See *ibid.*)

While there was no stipulated judgment between the Silvas and Zephyr in the unlawful detainer action, the Silvas, like the homeowners in *Malkoskie*, challenge the conduct of the foreclosure sale and the validity of the resulting transfer of title to Zephyr. There is no suggestion in the *Malkoskie* opinion that the particular findings that the proper parties conducted the trustee's sale or that Wells Fargo had valid title were expressly included in the parties' stipulated judgment. The court in *Malkoskie* concluded that the homeowners' specific "consent to judgment conclusively determined the specific factual contentions embraced by the complaint, namely that Wells Fargo had obtained valid record title pursuant to a nonjudicial foreclosure sale that had been duly conducted pursuant to statute." (*Malkoskie*, *supra*, 188 Cal.App.4th at p. 975.)

Because each of the Silvas' claims against Zephyr at issue in this appeal is premised on the alleged invalidity of the trustee's sale, we conclude that the Silvas are collaterally estopped from asserting any of these claims in their complaint. The issues were finally determined and are established as a matter of law. The motion for judgment

11

on the pleadings therefore was properly granted.  (See *Shea Homes Limited Partnership v. County of Alameda*, *supra*, 110 Cal.App.4th at p. 1254.)

We also note that the Silva Action named Zephyr Partners-RE LLC, Termini, and Atmore as defendants.  In this appeal, the Silvas do not address why the motion for judgment on the pleadings should not have been granted as to these two individuals and the other Zephyr entity.  The Silvas appear to have sued Zephyr Partners-RE LLC, Termini, and Atmore because they allegedly played some role in the decision to evict the Silvas from the Property.  Because we conclude Zephyr established its right to title to and possession of the Property at the unlawful detainer trial, there are no grounds the Silvas may pursue claims against Zephyr Partners-RE LLC, Termini, and Atmore based on the eviction.  Accordingly, we determine the superior court did not err in granting judgment in favor of Zephyr Partners-RE LLC, Termini, and Atmore as well.

## DISPOSITION

The judgment is affirmed.  Zephyr, Zephyr Partners-RE LLC, Termini, and Atmore are entitled to their costs on this appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


IRION, J.

12