

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES L. RUCKER; JUDITH L. RUCKER, | No. 12-55333 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-09008-JAK-JEM |
| v. | MEMORANDUM* |
| WELLS FARGO BANK, NA, Successor by Merger with Wachovia Mortgage FSB formerly World Savings Bank FSB, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 13, 2015**

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Charles and Judith Rucker appeal from the district court's summary

judgment for Wells Fargo Bank in the Ruckers' action arising from foreclosure

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007), and we affirm.

The district court properly concluded that the Ruckers' quiet title claims were barred by the superior court's earlier judgment in Wells Fargo's unlawful detainer action against the Ruckers. *See City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (res judicata under California law); *Malkoskie v. Option One Mortg. Corp.*, 115 Cal. Rptr. 3d 821, 825-27 (Ct. App. 2010) (judgment in unlawful detainer action brought under Cal. Civ. Proc. Code § 1161a necessarily resolves validity of title).

The district court properly granted summary judgment on the Ruckers' promissory estoppel claim because the Ruckers failed to raise a genuine dispute of material fact as to whether they were harmed by Wells Fargo Bank's behavior. *See Laks v. Coast Fed. Sav. & Loan Ass'n*, 131 Cal. Rptr. 836, 839 (Ct. App. 1976) (elements of promissory estoppel cause of action).

Because we affirm summary judgment on the bases discussed above, we do not consider the Ruckers' arguments concerning preemption, standing, and tender.

We also do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Ruckers' request for judicial notice, filed on August 19, 2013, is denied. Wells Fargo Bank's requests to strike the request for judicial notice, and for an admonishment to the Ruckers' counsel to adhere to the Federal Rules of Appellate Procedure, set forth in its August 29, 2013 response, are denied.

**AFFIRMED.**