**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONATHAN E. SAMUELS,

Plaintiff - Appellant,

v.

WELLS FARGO BANK, NA,

Defendant - Appellee.

No. 12-56322

D.C. No. 2:11-cv-06067-PSG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 20, 2016[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jonathan E. Samuels appeals pro se from the district court's judgment

dismissing his action arising from foreclosure proceedings. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

341 (9th Cir. 2010). We affirm.

The district court properly concluded that Samuels' action was barred by the California Superior Court's earlier judgment in Wells Fargo's unlawful detainer action against Samuels. *See City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (setting forth requirements for application of res judicata under California law); *Malkoskie v. Option One Mortg. Corp.*, 115 Cal. Rptr. 3d 821, 825-27 (Ct. App. 2010) (judgment in unlawful detainer action brought under Cal. Civ. Proc. Code section 1161a necessarily resolves validity of title).

The district court did not abuse its discretion by denying Samuels' leave to file a third amended complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

**AFFIRMED**.