Filed 2/29/16  Pinson v. Blue Mountain Homes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| YVETTE PINSON, | B260751 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC518148) |
| v. | |
| BLUE MOUNTAIN HOMES, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Malcolm H. Mackey, Judge.  Affirmed.

Yvette Pinson, in pro. per., for Plaintiff and Appellant.

Law Office of Mike Hogan and Mike Hogan for Defendant and Respondent Blue Mountain Homes, LLC.

Bryan Cave, Richard C. Ochoa, and Richard P. Steelman, Jr., for Defendants and Respondents Countrywide Home Loans, Inc., CTC Real Estate Service, and Mortgage Electronic Registration Systems, Inc.

_____

Appellant Yvonne Pinson defaulted on a home loan, and respondent Blue Mountain Homes, LLC (BMH) acquired the property through a conveyance pursuant to a foreclosure sale. Pinson filed this action attacking the validity of the foreclosure sale. Several months thereafter, BMH initiated an unlawful detainer action against Pinson. The two actions proceeded simultaneously.

Following a trial on the merits in the unlawful detainer case, a judgment was entered in favor of BMH. Pinson appealed that judgment, alleging, among other things, that the trial court erred because the chain of title pertaining to the property was defective. The appellate division of the superior court rejected her arguments and affirmed the trial court. Meanwhile, the trial court in the instant case sustained respondents' demurrer to Pinson's first amended complaint without leave to amend. Pinson filed a post-judgment motion for relief from that dismissal pursuant to Code of Civil Procedure section 473, subdivision (b),[1] which the trial court denied. Pinson subsequently filed this timely appeal.

Because we determine that the unlawful detainer judgment conclusively established BMH's title and lawful possession, Pinson's claims are barred by collateral estoppel, and any amendment would be futile. We therefore affirm the trial court's ruling sustaining the demurrer without leave to amend and the trial court's denial of Pinson's motion to amend pursuant to section 473, subdivision (b).

## FACTS AND PROCEDURAL HISTORY

On April 12, 2006, Yvette Pinson executed a deed of trust securing a promissory note in the amount of $360,000 in order to purchase the property located at 1307 West 111th Street, Los Angeles, California 90044 (Property). Less than two years later, Pinson defaulted on her loan, and on April 16, 2008, the trustee recorded a notice of default and election to sell, indicating that Pinson was $12,778.82 in arrears. On September 29, 2011, at the trustee's public sale, the foreclosing lender, Bank of New York Mellon (BONYM) purchased the property for $195,750. The amount of unpaid

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

2

debt at the time of sale was $469,223.81. On August 8, 2013, BONYM sold and transferred title of the property to BMH via a quitclaim deed. Pinson, however, refused to surrender the property, which she had been renting to a tenant for $1,500 per month for over one year. On August 14, 2013, Pinson filed her complaint in the instant action alleging wrongful foreclosure. On December 28, 2013, BMH served a written notice on Pinson demanding that she quit the property within three days of service. Pinson and her tenant refused to do so. On January 8, 2014, BMH filed an unlawful detainer complaint.

A. *The Unlawful Detainer Case*

On February 28, 2014, BMH filed its first amended complaint in the unlawful detainer action pursuant to section 1161a, subd. (b). Pinson filed an answer generally denying the allegations in the complaint and asserting an affirmative defense that BMH "lacked standing."

At trial on June 6, 2014, William Lujan, BMH's director of occupied properties, testified and the trial court admitted several documents into evidence, including the original notice of default, notice of trustee sale, trustee's deed upon sale and the quitclaim deed. Pinson then testified that she was the former owner of the property, and she was currently involved in litigation regarding title to the property.

The trial court found that Pinson vacated the property three years earlier, but she had been, and continued to be, renting it to her tenant, William Thompson, for $1,500 a month for over one year. The court rendered judgment for BMH, awarding it restitution of the property and damages. Pinson appealed the judgment claiming that the trial court erred in admitting unauthenticated documents and that BMH lacked standing based on defective title. On June 24, 2015, the appellate division of the superior court rejected her arguments and affirmed the trial court.[2]

---

[2] On November 2, 2015, we granted BMH's request for judicial notice of the appellate division of the superior court's opinion issued on June 24, 2015.

3

B.    *The Instant Case*

Pinson filed her first amended complaint (FAC) in this action on May 30, 2014, alleging fraud in the chain of title and wrongful foreclosure, and seeking a judgment to quiet title to the property.  On July 1, 2014, BMH filed and served its demurrer to the first amended complaint and notice of the September 9, 2014 hearing on the demurrer.  On August 12, 2014, BMH's co-defendants—Countrywide Home Loans, Inc., CTC Real Estate Service and Mortgage Electronic Registration Systems, Inc. (codefendants)—filed a notice of joinder to BMH's demurrer.

On September 9, 2014, the trial court heard BMH's demurrer to Pinson's first amended complaint and codefendants' joinder motion.  Although she received notice of the hearing, Pinson did not appear or file an opposition to the demurrer or an opposition to the codefendants' joinder.[3]  At the hearing, the trial court sustained, without leave to amend, BMH's demurrer and the codefendants' joinder "based upon all of their page numbers," and dismissed the case.  On October 29, 2014, the trial court heard, and denied, Pinson's ex parte application for an order to vacate and set aside the order sustaining defendants' demurrer without leave to amend, finding that there were "no new facts or circumstances alleged."  Pinson filed this timely appeal.

**DISCUSSION**

I.    *Standard of Review*

A demurrer tests the legal sufficiency of the complaint.  We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action.  For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law.  We also consider matters that may be judicially noticed.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "On appeal, we do

---

[3]    Pinson alleges in her opening brief that she "has attempted to file or has filed opposition response motions which may not have been properly placed in the file from the various Court Departments in which [p]laintiff has appeared."  The docket sheet for this case, however, contains no such filings.

4

not review the validity of the trial court's reasoning but only the propriety of the ruling itself." (*Rodas v. Spiegel* (2001) 87 Cal.App.4th 513, 517.)

We apply the abuse of discretion standard in reviewing a trial court's denial of leave to amend. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) The plaintiff bears the burden of proving there is a reasonable possibility that she can cure the defect by amendment. (*Ibid.*) Leave to amend, however, should not be granted where amendment would be futile because, under substantive law, there is no liability. (*Heckendorn v. City of San Marino* (1986) 42 Cal.3d 481, 486.)

II.     *Pisnon's Proposed Causes of Action Are Barred By Collateral Estoppel*

On appeal, Pinson contends the trial court erroneously sustained the demurrer without leave to amend, reasoning that she was denied due process because any defects in the first amended complaint could have been cured by amendment. She also argues that non-judicial foreclosure sales in general are "unconstitutional" because they can be based on "fraudulent documentation or defective c[l]aim of ownership and title." In essence, Pinson is claiming that she should be permitted to attack and unwind the foreclosure sale by which BMH acquired the property and is entitled to damages for alleged irregularities in the process. We disagree.

We determine that Pinson is collaterally estopped from challenging the foreclosure sale under the causes of action at issue in this appeal because the unlawful detainer judgment in favor of BMH conclusively established that it lawfully had possession of the property and that it perfected its title to the property, i.e., that the foreclosure was properly conducted pursuant to Civil Code section 2924 et seq.[4]

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on

---

[4]     Contrary to Pinson's allegations, the Supreme Court of California has affirmed the constitutionality of non-judicial foreclosure sales under Civil Code section 2924, holding that they do not involve "state action," and, thus the constitutional guarantees of substantive due process and equal protection do not apply, and their notice provisions comport with procedural due process requirements. (See, e.g., *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 272, 283.)

5

a different cause of action involving a party to the first case." (*San Remo Hotel, L. P. v. City and County of San Francisco* (2005) 545 U.S. 323, 336 fn. 16.) The purposes of the doctrine are "to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, [and] to protect against vexatious litigation." (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875.)

The application of the collateral estoppel doctrine requires that: (1) the issues in the two matters be identical; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was party to the previous proceeding. (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 878.)

Our Supreme Court has recognized the potential of an unlawful detainer judgment to collaterally estop subsequent litigation: "Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 256.)

The fundamental issue in an unlawful detainer proceeding is the plaintiff's right to possession. (See *Old National Financial Services, Inc. v. Seibert* (1987) 194 Cal.App.3d 460, 465.) But where, as here, the unlawful detainer action is brought pursuant to section 1161a, subdivision (b)(3), *title* is also an issue. This section provides that an unlawful detainer action may be filed "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust . . . and the title under the sale has been duly perfected." (§ 1161a, subd. (b)(3).)

Indeed, in a similar case, the Court of Appeal held that parties were collaterally estopped from relitigating issues of title where the sole basis upon which a plaintiff in an unlawful detainer case asserted its right to possession of the property was its "duly perfected" legal title obtained in the non-judicial foreclosure sale and the validity of its title *had* to be resolved in the unlawful detainer action. (*Malkoskie v. Option One*

6

*Mortgage Corp.* (2010) 188 Cal.App.4th 968, 974.) The *Malkoskie* court concluded that the "judgment [in the unlawful detainer case] conclusively determined the specific factual contentions embraced by the complaint, namely that [plaintiff] had obtained valid record title pursuant to a nonjudicial foreclosure sale that had been duly conducted pursuant to statute." (*Id.* at p. 975.)

Here, BMH alleged in its unlawful detainer complaint that its title was "duly perfected." In Pinson's answer to that complaint and in her appeal of that judgment, she contended that title was defective and BMH lacked standing because the foreclosure sale was unlawful. Under these circumstances, the conduct of the sale and the validity of the resulting transfer of title to BMH were directly at issue in the unlawful detainer case and the validity of BMH's title *had* to be resolved. (*Malkoskie v. Option One Mortgage Corp.*, *supra*, 188 Cal.App.4th at p. 974.)

Because all of Pinson's claims against all respondents are premised on the alleged invalidity of the foreclosure sale and defects in title, we find that she is collaterally estopped from asserting any of these claims against any respondent. The legality and validity of the foreclosure sale were finally determined and established as a matter of law against Pinson, thereby defeating her claims against all respondents.[5] The unlawful detainer judgment now precludes us from considering the merits of Pinson's claims on appeal. Because leave to amend under these circumstances would be futile, we find that the demurrer was properly sustained without leave to amend. (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685.)

---

[5] The appeal on the unlawful detainer judgment was decided after the trial court sustained the demurrer at issue in this appeal, so collateral estoppel was not raised below, but respondents raised the issue here.

7

## DISPOSITION

We affirm the trial court's judgment dismissing the case.  Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, P. J.

We concur:



        JOHNSON, J.



        LUI, J.