Filed 9/20/22

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

FRANK ATTENELLO,

    Plaintiff and Appellant,

      v.

SAM BASILIOUS et al.,

    Defendants and Respondents.

30-2021-01217998

(Super. Ct. No. 30-2021-01209364)

OPINION

Appeal from an order of the Superior Court of Orange County, Central Justice Center, Carmen Luege, Judge. Affirmed.

Steven D. Silverstein and Demi Connell for Plaintiff and Appellant.

Community Legal Aid SoCal, Katelyn Rowe, Terra Laughton, Jonathan Gibson, and Sarah Reisman for Defendants and Respondents.

Western Center on Law & Poverty, Richard Rothschild, Lorraine Lopez, and Olivia Williams as Amicus Curiae on behalf of Defendants and Respondents.

              \*        \*        \*

Plaintiff Frank Attenello contends the trial court erred in sustaining defendants Sam Basilious and Susanna Basilious's demurrer without leave to amend. He contends the trial court erred in finding that a signed agreement is insufficient to establish "just cause" to terminate the tenancy under the Tenant Protection Act of 2019. We disagree and affirm.

BACKGROUND

On July 8, 2021, plaintiffs Frank Attenello and Janet Attenello filed an unlawful detainer complaint for possession of residential real property located in Huntington Beach against defendants. The complaint states that defendants signed the "Coronavirus Rent Forgiveness, Termination of Tenancy and Possession of Premises Agreement" (Agreement) on March 9, 2021. A copy of the Agreement is attached as Exhibit 2. Pursuant to its terms, defendants agreed to vacate the premises by June 30, 2021. Defendants have failed to vacate as agreed.

*A Partial Description of the Agreement*

The Agreement bears the logo of California Association of Realtors (CAR) on the top left corner, and the form is copyrighted and approved by CAR. Plaintiffs' first names and "Rangers Property Management" are printed in the footer box.

The Agreement states that it "is an addendum" to the lease or rental agreement.

It also states, "Tenant has failed to pay Landlord the full amount of rent due for all or part of time beginning on March 1, 2020 and ending on June 30, 2021." Further, the form states, "Tenant has remained in possession of the Premises during the period of unpaid rent."

Under the heading LANDLORD RIGHTS REGARDING UNPAID RENT AND POSSESSION OF PREMISES, the form states, "Tenant is liable for unpaid rent. If Landlord has served Tenant with an eviction action based on unpaid rent, if more than 15 business days have passed and Tenant has not delivered to Landlord a Declaration of COVID-19 Financial Distress (C.A.R. Form DCFD), Landlord may lawfully evict Tenant for unpaid rent."

2

Under the heading MUTUAL INTENT TO AVOID LEGAL ACTION, the form states, "In order to avoid the potential expense and uncertainty of legal action, the potential negative impact that accompanies a monetary judgment awarded by the court, or that is associated with a judgment for possession issued by a court, and to ease the burden of relocation by allowing Tenant to use saved resources toward other housing rather than paying back rent, the Parties agree as below. . . ."

Under the heading TENANT, AND ALL OCCUPANTS AGREE, the form states, "The Lease[,] whether in writing, verbal, or oral shall be terminated on 06/03/2021 (Move-out Date); . . . [tenants agree] [t]o vacate the Premises and return possession to Landlord on the Move-out Date. . . ."

Under the heading PROVIDED TENANT AND OCCUPANTS SATISFY THE CONDITIONS SPECIFIED [ABOVE], LANDLORD AGREES "[t]o release Tenant from the obligation to pay all (or $3,140.00 or 20%) of unpaid rent (Forgiven Rent); and "CalWorks pays 80% Unpaid Rent (April 2020 to Jan 2021) + 100% Rent (Feb 2021 to June 2021) + Security Deposit $955."

Under the heading EFFECT OF FAILURE TO COMPLY, the form states, "If an eviction action has not already been filed, Landlord may file an unlawful detainer action for possession pursuant to, and after complying with, Civil Code § 1946.2(b)(1)(K)."

*Procedural History*

On July 20, defendants filed a general demurrer to the complaint. Defendants argued that the Agreement is not a *notice from defendants* to plaintiffs of their intent to terminate the tenancy, it does not support the finding of "just cause" to evict defendants pursuant to the Tenant Protection

Act of 2019 (Civ. Code, § 1946.2),[1] it violates the COVID-19 Tenant Relief Act (Code Civ. Proc., § 1179.03 et seq.), and it is void as contrary to public policy.

On July 23, plaintiffs filed an opposition to the demurrer.

On August 5, the trial court sustained the demurrer without leave to amend and dismissed the entire action without prejudice. The court found "that [t]his case does not meet the requirements of the Tenant Protection Act (TPA), [Civil Code section] 1946.2. The 'Coronavirus Rent Forgiveness, Termination of Tenancy and Possession of Premises Agreement' attached to the complaint as Ex. 2 does not constitute a written notice by a tenant notifying the landlords that the tenant intends to terminate the tenancy. Accordingly, Ex. 2 does not give rise to an unlawful detainer cause of action based on subparagraph (b)(1)(K)."

## DISCUSSION

Plaintiff contends the Agreement conforms to the rules set forth in section 1946.2, subdivision (b)(1)(K) of the Tenant Protection Act of 2019, so as to permit the filing of a complaint for unlawful detainer.

We disagree.

"'The function of a demurrer is to test the sufficiency of a pleading by raising questions of law.'" (*Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 599; see Code Civ. Proc., § 430.10.) "On an appeal from a judgment of dismissal entered after a demurrer has been sustained, the issue is whether, assuming the truth of all well pleaded facts and those subject to judicial

---

[1] All statutory references are to the Civil Code unless otherwise indicated.

4

notice, the complaint alleges facts sufficient to state a cause of action." (*Nealy*, at p. 600.) "'[T]he "facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence.""" (*Moran v. Prime Healthcare Management, Inc.* (2016) 3 Cal.App.5th 1131, 1145-1145.)

"Our standard of review is well established. 'When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. . . . In addition, we give the complaint a reasonable interpretation, and read it in context. [Citation.]' [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.'" (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 919–920 (*Denny*).)

Our review of the sufficiency of the complaint is de novo, but appellant bears the burden of demonstrating error. (*Denny, supra,* 55 Cal.App.5th at p. 920.) "Issues of statutory construction are questions of law subject to independent review." (*Ibid.*) "The burden of demonstrating a reasonable probability that the defect can be cured by amendment 'is squarely on the plaintiff.'" (*McKenney v. Pharmaceutical Co.* (2008) 167 Cal.App.4th 72, 78.)

Here, it is undisputed the tenancy is subject to the Tenant Protection Act of 2019, which prohibits a landlord from terminating a tenancy without "just cause" for a tenant who "has continuously and lawfully occupied a residential real property for 12 months. . . ." (§ 1946.2, subd. (a).) To plead a valid unlawful detainer claim, the complaint must allege that the tenancy was terminated for "just cause." (See *id.*, (b)(1); Code Civ. Proc., § 1166; Friedman et al., Cal. Prac. Guide Landlord-Tenant (The Rutter Group 2021) ¶ 8:80.1.)

"Just cause" to terminate a tenancy includes, "When a tenant fails to deliver possession of residential real property after providing the owner written notice as provided in Section 1946 of the tenant's intention to terminate the hiring of the real property, or makes a written offer to surrender that is accepted in writing by the landlord, but fails to deliver possession at the time specified in that written notice as described in paragraph (5) of Section 1161 of the Code of Civil Procedure[2]." (§ 1946.2, subd. (b)(1)(K).)

Here, the Agreement does not satisfy the pleading requirement establishing "just cause" under section 1946.2, subdivision (b)(1)(K).

First, we begin by examining the statutory language, giving it a plain and commonsense meaning. (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 14.) If the statutory language is unambiguous, then its plain meaning controls. (*Ibid.*) Section 1946.2, subdivision (b)(1)(K) unambiguously states that the *tenant is to provide* "the owner written notice . . . or makes a written offer to surrender. . . ." The Agreement does not affirmatively reflect a notice or offer provided by defendants (the tenants) to plaintiff (the landlord) expressing their intent to terminate the tenancy. Rather, the Agreement reflects that it was provided by plaintiff to defendants to terminate the tenancy – i.e., the Agreement utilizes a form template created by CAR, it expressly states that it is an

---

² Code of Civil Procedure section 1161(5) provides a tenant is guilty of a misdemeanor: "When the tenant gives written notice as provided in Section 1946 of the Civil Code of the tenant's intention to terminate the hiring of the real property, or makes a written offer to surrender which is accepted in writing by the landlord, but fails to deliver possession at the time specified in that written notice, without the permission of the landlord, or the successor in estate of the landlord, if applicable."

"addendum" to the lease or rental agreement, it is unclear how much of the unpaid rent is being waived, and the footer includes plaintiff's name and "Ranger Property Management." Looking at the Agreement as a whole, it is apparent that it is not a notice from the defendants to the plaintiff reflecting their intent to vacate.

Second, assuming arguendo that the Agreement is a notice by defendants to terminate the tenancy, the written notice must be served "as provided in Section 1946." (§ 1946.2, subd. (b)(1)(K).) Section 1946 provides that service must be made "in the manner prescribed in Section 1162 of the Code of Civil Procedure[3] or by sending a copy by certified or registered mail addressed to the other party. . . ." Here, the complaint and the Agreement do not affirmatively reflect proper and valid service of the notice by defendants on plaintiff.

Third, the Agreement states, "Landlord may file an unlawful detainer complaint pursuant to, and after complying with, Civil Code § 1946.2(b)(1)(K)." The words, "after complying with," indicates a separate act of compliance with section 1946.2 that is not expressly satisfied by the Agreement. Also, statutory notices procedures must be strictly adhered to. (See *Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394-395.) For the reasons discussed above, the allegations in the complaint and the Agreement do not reflect strict compliance with section 1946.2.

The issue, then, is whether plaintiff has established ""a reasonable possibility that the defect can be cured by amendment."" (*Malkoskie v.*

---

[3] Notices under the Unlawful Detainer Act must be generally be served by personal delivery, substituted service, or by post and mail. (Code Civ. Code, § 1162, subd. (a)(1)-(3).)

*Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968, 974.)  Plaintiff has not met this burden.[4]

## DISPOSITION

The order sustaining the demurrer without leave to amend is affirmed. Defendants are entitled to recover costs on appeal.  (Cal. Rules of Court, rule 8.891(a)(1)-(2).)

_____
John R. Zitny
Judge

WE CONCUR:

_____
Robert A. Knox
Acting Presiding Judge

_____
Scott Van Camp
Judge

---

[4] We do not reach the issue of whether the Agreement is a valid and enforceable contract because it is not dispositive to the issue on appeal.