Filed 5/18/15  U.S. Bank Nat. Assn. v. Henderson CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> DONAVON HENDERSON, <br><br>     Defendant and Appellant. | A141952 <br><br> (Marin County <br> Super. Ct. No. CIV 1204306) |

Donavon Henderson, in propria persona, appeals the trial court's entry of judgment in favor of U.S. Bank National Association (U.S. Bank).[1]  Judgment was entered after Henderson failed to file a responsive pleading and the court held a default hearing.  Henderson argues judgment was inappropriate because U.S. Bank failed to properly serve him.  Henderson also argues the trial court erred in denying his motion to vacate the judgment pursuant to Code of Civil Procedure[2] section 473.  We find Henderson's appeal meritless and affirm.

## I.  BACKGROUND

U.S. Bank is the beneficiary of a deed of trust on a certain property in Novato.  It filed an action to quiet title and cancel instruments in September 2012, after Henderson

_____

[1] Plaintiff is fully identified as U.S. Bank National Association, as Trustee for the Certificate Holders of Harborview Mortgage Loan Trust 2006-1, Mortgage Loan Pass-Through Certificates, Series 2006-1.

[2] All statutory references are to the Code of Civil Procedure.

filed a number of documents, including a "Corporation Assignment of Deed of Trust" and a "Substitution of Trustee," clouding title to the property. Soon after the case was filed, the court granted U.S. Bank's ex parte application for a temporary restraining order prohibiting Henderson from recording any additional documents concerning the property, and it set the matter for a preliminary injunction hearing.

Henderson appeared at a preliminary injunction hearing in May 2013. Around that time, Henderson removed the action to federal court, but it was subsequently remanded. According to the register of actions, a proof of service was filed as to Henderson on August 23, 2013. Henderson declined to include the proof of service in the record on appeal.

On September 26, 2013, Henderson appeared at a case management conference. At the conference, counsel for U.S. Bank stated Henderson had not yet filed a responsive pleading, and U.S. Bank intended to move for default if he failed to file one by the following Tuesday. Henderson declined to do so, and U.S. Bank filed a request for default on October 16, 2013.

On January 24, 2014, the trial court held a default hearing, which proceeded as a bench trial. Henderson appeared at the hearing and the court permitted him to present evidence and cross-examine witnesses, though it appears Henderson failed to take advantage of the opportunity. Henderson's only defense at the hearing was apparently that he did not know about the default. The court was not persuaded and entered judgment in favor of U.S. Bank that day.[3]

In February 2014, Henderson moved to set aside the default pursuant to section 473, arguing it was the result of his inadvertence or mistake. In a declaration attached to the motion, Henderson conceded he attended the September 26, 2013 case

---

[3] As there is no transcript of the hearing and Henderson declined to include the underlying moving papers in the record, the exact nature of the hearing is unclear. According to the minutes from the hearing, the court dismissed two claims on U.S. Bank's motion, took judicial notice of various documents, admitted several documents into evidence, and reviewed and signed the proposed judgment.

2

management conference, but claimed he did not hear U.S. Bank's statement that it intended move for default if he failed to file a responsive pleading. Henderson also stated he was not served with U.S. Bank's request for entry of default. Nowhere in the motion or the declaration did Henderson claim he had not been properly served with the summons and complaint.

The declaration also indicates Henderson attached a proposed answer to his motion to set aside, though that answer is not included in the record on appeal. In his opening brief, Henderson claims a court clerk "tore" the answer from the motion to vacate when he tried to file it, but he points to nothing in the record that would support the allegation and there is no indication the issue was raised with the trial court.

The trial court ultimately denied the motion to set aside.

## II.  DISCUSSION

### A.  *January 24, 2014 Judgment*

Henderson argues the court erred by entering judgment against him on January 24, 2014. Henderson reasons he did not file a timely responsive pleading because he was not properly served with U.S. Bank's complaint. However, assuming the January 24 judgment constitutes a default judgment, our review is limited to questions of jurisdiction, sufficiency of the pleadings, and excessive damages. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824.)

Even if we were to construe the January 24 judgment as one on the merits, we could only set it aside if it was not supported by the evidence. In reviewing the sufficiency of the evidence, we " 'must view the whole record in a light most favorable to the judgment, resolving all evidentiary conflicts and drawing all reasonable inferences in favor of the decision of the trial court. [Citation.] We may not substitute our view of the correct findings for those of the trial court; rather, we must accept any reasonable interpretation of the evidence which supports the trial court's decision.' " (*DiMartino v. City of Orinda* (2000) 80 Cal.App.4th 329, 336.) " 'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and

3

error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Here, Henderson has failed to point to anything in the record that would suggest the judgment was in error. Though Henderson argues he was not properly served because the summons "was simply posted on the door without any court approval to do so," he offers no citation to the record, and a review of the register of actions shows U.S. Bank filed a proof of service with the trial court. Henderson declined to include the proof of service in the record on appeal, and the issue of improper service was never raised with the trial court. Even if Henderson is correct that U.S. Bank failed to serve him—and there is no indication he is—he waived personal service by entering a general appearance by appearing at the preliminary injunction hearing and the case management conference, among other things. (See § 410.50, subd. (a) ["A general appearance by a party is equivalent to personal service of summons on such party."]; see also *Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147 [" 'What is determinative is whether defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed.' "].)[4]

## B. *Order Denying Motion to Set Aside Judgment*

Henderson also challenges the trial court's denial of his motion to set aside the judgment pursuant to section 473, subdivision (b). U.S. Bank argues we lack jurisdiction to consider this challenge because Henderson's notice of appeal indicates he is appealing only the January 24 judgment. We are inclined to consider the challenge since a notice of appeal must be liberally construed (Cal. Rules of Court, rule 8.100(a)(2)), and all

---

[4] In the conclusion of his opening brief, Henderson asserts, for the first time, that the judgment should be reversed because damages were excessive, and the matter should be remanded for consideration of apportionment of attorney fees. He provides no further explanation or citation to authority. The arguments are meritless. There is nothing in the record indicating the court awarded damages. Moreover, it is entirely unclear why Henderson, the defaulting party, would be entitled to attorney fees. In any event, we need not consider the assertions since parties must "support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).)

4

ambiguities must be resolved in favor of the validity of the notice. (See *Estate of Smead* (1932) 215 Cal. 439, 441.) Moreover, a notice specifying one appealable order is construed to include related orders. (*Creed v. Schultz* (1983) 148 Cal.App.3d 733, 736.) Here, Henderson did attach the order denying his section 473 motion to the notice of appeal, and that order is directly related to the January 24 judgment.

Section 473, subdivision (b) provides for discretionary and mandatory relief from default and default judgment. Henderson's motion to set aside does not identify which form of relief he is seeking. In any event, as Henderson appeared in propria persona, only discretionary relief is available. (*Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100.) We review the trial court's ruling on a motion for discretionary relief for abuse of discretion. (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 384.) In this case, we find no error.

The discretionary relief provision of section 473, subdivision (b) states, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall . . . be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ." A motion for discretionary relief must be accompanied by a proposed responsive pleading. (§ 473, subd. (b).) Further, a party seeking discretionary relief must exercise diligence. (*Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487.)

Section 473 "is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.' [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233, fn. omitted.) An order denying a motion for relief under

5

section 473 is therefore " 'scrutinized more carefully than an order permitting trial on the merits.' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419–1420.)

In this case, Henderson's motion was filed less than a month after the entry of judgment. In connection with the motion, Henderson claimed he was not aware that he was required to file a responsive pleading and was never served with U.S. Bank's request for entry of default. In his appellate briefing, Henderson claims he tried to attach a proposed answer to the motion, but the court clerk refused to accept it. The court denied the motion, finding "[Henderson] was not only well aware of the action against him, he participated substantively and to a great extent even prior to any request for default." The court reasoned Henderson appeared at the preliminary injunction hearing, removed the matter to federal court, filed a case management statement, and appeared at the case management conference. The court observed U.S. Bank warned of the possibility of default at a prior hearing, and even if Henderson did not understand the warning at the time, it was later incorporated into the minutes provided to Henderson. Irrespective of U.S. Bank's notice, the court found the requirement to answer was "no complex legal requirement, and was included in the summons . . . ." The court also stated Henderson was given the opportunity to participate and present a defense at the default hearing, and failed to submit a proposed answer with his motion to set aside. The court concluded Henderson's failure to answer was purposeful, with knowledge of the impending consequences.

Henderson does not challenge the trial court's reasoning, except to argue the court clerk thwarted his attempt to attach a proposed answer to his section 473 motion. Setting aside that Henderson has pointed to nothing in the record which would support his account, there is no reason to conclude the disposition of Henderson's section 473 motion would have been different if he had filed a proposed answer. Henderson made no attempt to file a responsive pleading until almost a year after he first appeared in the action, despite receiving several reminders that he was required to do so. Based on this record, the trial court had ample grounds to conclude Henderson's default was not due to mistake, inadvertence, surprise, or excusable neglect.

6

Henderson also makes much of the fact that he represented himself in the proceedings below.  However, " 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations].  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation].' " (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)  In any event, the trial court gave Henderson every opportunity to present his case, file a responsive pleading, and cure his default, including an opportunity to present evidence and cross-examine witnesses at the default hearing.  In spite of Henderson's pro. per. status, there was nothing inequitable about declining to set aside the default judgment after Henderson failed to take advantage of those opportunities and ignored repeated reminders that he was required to file a responsive pleading.

## III.  DISPOSITION

The judgment is affirmed.


_____
Margulies, Acting P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.


7